[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-14185
Non-Argument Calendar

————————————————

D.C. Docket No. 0:19-cv-60900-RKA

STEVE WEIL,

Plaintiff-Appellant,

versus

CAROL-LISA PHILLIPS,
CARLOS A. RODRIGUEZ,
WILLIAM J. HAURY, JR.,
SANDRA PEARLMAN,
THOMAS LYNCH, et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(May 27, 2020)

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Steve Weil appeals the district court's dismissal of his second amended complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Weil alleged in his complaint that six state court judges, along with other state actors, violated his due process and equal protection rights and committed civil theft, obstruction of justice, and conspiracy related to the adjudication of a state court breach of contract action against him. Weil moved to proceed in forma pauperis, but the district judge dismissed Weil's complaint without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii). Specifically, the district judge found that Weil's complaint was a shotgun pleading, "contain[ing] multiple counts [where] each count adopt[ed] the allegations of all preceding counts."

Weil moved for reconsideration and attached his amended complaint. The district judge, without explanation, denied the motion. Weil moved to disqualify the district judge, withdrew his first amended complaint, and filed a second amended complaint listing the district judge as a defendant. The district judge recused himself. A successor district judge found that Weil's second amended complaint suffered the same flaws and dismissed the complaint. Weil moved to set aside the order, and to disqualify the successor district judge. The successor district judge recused herself. The second successor district judge refused to set aside the dismissal. Weil appealed.

2

## DISCUSSION

Weil argues that the district court erred in dismissing his second amended complaint for failure to state a claim.  In particular, he argues that his complaint was not a shotgun pleading because "there are [twenty] defendants named in the complaint, [and it] is impossible to adequately put those [defendants] on notice that there's a claim upon which . . . relief [can be granted] without being somewhat complicated."

We review de novo a district court's dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim, accept the allegations in the complaint as true, and apply the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6).  Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).  To survive a rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  The complainant must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.

3

When we have a pro se complainant, as here, we give a "liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). But this leeway is not limitless. We cannot serve as "de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).

Shotgun pleadings do not adhere to these basic requirements. Estate of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358 (11th Cir. 2020); see also Anderson v. Dist. Bd. of Trs. Cent. Fla. Cmty. Coll., 77 F.3d 364, 366–67 (11th Cir. 1996) (noting that a shotgun pleading does not satisfy the pleading requirements of the Federal Rules of Civil Procedure). They "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). In Weiland, we identified four categories of shotgun pleadings. Id. at 1321. A complaint is a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "is . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) does not "separat[e] into a different count each cause of action or claim for relief"; or (4) "assert[s] multiple claims against multiple

4

defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321–23.

We conclude, as the district court did, that Weil's complaint failed to state a claim because it was a shotgun pleading. Weil's complaint, boiled down, is an across-the-board allegation that every defendant conspired against him in allowing his state-court adversary to submit a sham pleading. In his complaint, after he discussed general allegations against the defendants, Weil divided his complaint into sections addressing specific allegations against each defendant. But the first paragraph of each section "adopt[ed] and realleg[ed]" every antecedent allegation in the complaint. "By the time a reader of the pleading gets to the final [section], it is exceedingly difficult, if not impossible, to know which allegations pertain to that [section] (according to its label), to separate the wheat from the chaff." See Keith v. DeKalb Cty., 749 F.3d 1034, 1045 n.39 (11th Cir. 2014). Weil's complaint failed to notify each defendant of the specific claims against him or her and the grounds upon which each claim rests. See Weiland, 792 F.3d at 1323.

Weil's argument—that, given the number of defendants, it was impossible for his complaint to put them all on notice—is meritless. It is Weil's responsibility to "plead[] factual content that allows the court to draw the reasonable inference that [each] defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678;

5

see also Anderson, 77 F.3d at 367 ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").  Although the district court was required to liberally construe Weil's pro se complaint, it was not required to rewrite Weil's complaint to allege a proper claim for relief.  See Campbell, 760 F.3d at 1168–69.  The district court explicitly told Weil the problem with his complaint and gave him an opportunity to amend it to fix the problem, but, instead, he did the same thing—alleging a shotgun pleading—in his second amended complaint.  See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies. . . .  In these cases, even if the parties do not request it, the district court should strike the complaint and instruct [the plaintiff] to replead the case . . . .  This initial repleading order comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or . . . dismiss his case . . . ." (internal quotation marks and citations omitted)).  For these reasons, we affirm the district court's dismissal of Weil's complaint.

6

**AFFIRMED.**[1]

---

[1] Weil moved to disqualify a member of this court who is not involved in the disposition of this appeal.  We deny the motion as moot.

7