[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11277
Non-Argument Calendar

_____

D.C. Docket No. 5:20-cv-00016-CLS

JOSHUA CLAY ADAMS,

Plaintiff - Appellant,

versus

HUNTSVILLE HOSPITAL,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 10, 2020)

Before BRANCH, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Joshua Clay Adams ("Adams"), appeals the district court's order dismissing his federal claims with prejudice and dismissing his supplemental state law claims without prejudice.  Adams asserted various federal and state claims against appellee, Huntsville Hospital (the "hospital"), arising from an alleged visit to the hospital and the resulting treatment he received from the hospital.  After reviewing the record and reading the parties' briefs, we affirm the district court's order.

## I.

Adams filed an amended complaint asserting claims of disability discrimination under Sections 504 and 505 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; disability discrimination under Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; disability discrimination under the Mental Health Systems Act, 42 U.S.C. § 9501; and sought recovery of damages resulting from the deprivation of rights as authorized by 42 U.S.C. § 1983 under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments.  Adams also asserted supplemental state law claims under Alabama's Mental Health Consumer Rights Act, Alabama Code § 22-52-7 and Alabama Code § 6-5-170 (defining false imprisonment).  Adams's initial complaint alleged that he presented himself to the hospital, where he was held

2

against his will for three days.  The hospital filed for a more definite statement

under Federal Civil Procedure Rule 12(e), arguing that Adams's complaint was a

"shotgun" pleading that did not satisfy Rules 8(a) and 10(b) of the Federal Rules of

Civil Procedure.  The district court ordered Adams to file an amended complaint,

and he complied.  The amended complaint contained more pages, paragraphs, and

allegations than the original complaint.  The hospital moved to dismiss the

amended complaint, requesting that the district court dismiss the federal claims

with prejudice for failure to comply with the requirements of Rules 8(a) and 10(b)

of the Federal Rules of Civil Procedure, and dismiss the state law claims without

prejudice to allow Adams to refile his claims in state court.  The district court

granted the hospital's motion, finding that the amended complaint was a "shotgun"

pleading that did not comply with the Federal Rules of Civil Procedure and the law

of this circuit.

## II.

We conclude from the record that the district court did not abuse its

discretion in granting the hospital's motion to dismiss Adams's amended

complaint.  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320

(11th Cir. 2015) (abuse of discretion standard of review).  Rule 8(a)(2) requires

that a pleading contain a "short and plain statement of the claim showing that the

3

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a plaintiff to "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In this circuit, we have condemned "shotgun" pleadings and have noted that these pleadings violate the rules of civil procedure by failing to give the defendant adequate notice of the claims against him and the grounds upon which each claim rests. *Weiland*, 792 F.3d at 1323. *See also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (noting that the court demonstrates "little tolerance" for shotgun pleadings). We have instructed district courts to give a plaintiff the opportunity to clarify the claims and remedy the deficiencies in the complaint. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 200). Here, the district court did that for Adams.

## III.

We have identified four categories of "shotgun" pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a pleading that does not "separate[e] into a different count each cause of action or claim for relief"; and (4) a pleading that asserts multiple claims against multiple defendants

4

without specifying which defendant allegedly committed which claim. *Weiland*, 792 F.3d at 1321–23. The district court found that Adams's amended complaint fell within the first three categories, and we agree with that finding.

First, the amended complaint states that all counts derive from the same set of operative facts, and it recites anew the factual allegations in each count. This type of pleading leaves the reader to speculate as to which factual allegations pertain to which count. Second, the amended complaint contains multiple paragraphs of legal conclusions and arguments disguised as "facts." It also fails to specify the facts in support of the distinct causes of action to support the conclusory arguments. In addition, due to its length, 72 pages, number of paragraphs, 242, and counts, 15, the pleading cannot be considered a short and plain statement of the claims showing that Adams is entitled to relief.

Third, the amended complaint is not properly separated into different counts. The complaint contains numbered counts, but these counts are not clearly alleged. In Counts 1 and 2, Adams asserts claims under the Rehabilitation Act and the Americans with Disabilities Act, but also includes allegations about false imprisonment and denial of liberty without due process. Counts 4 and 11 both assert claims under the Fourteenth Amendment, and Count 4 also asserts an independent claim for a violation of his substantive due process rights, when the

5

claims are covered by other constitutional amendments. *See Echols v. Lawton*, 913 F.3d 1313, 1326 (11th Cir. 2019) (admonishing plaintiffs whose claims are covered by a specific constitutional provision from supplementing the claims through a substantive due process portal).

Moreover, the district court correctly found that Adams asserted several non-justiciable constitutional claims, and he ignored the heightened pleading requirements under the Alabama Medical Liability Act, Ala. Code § 6-5-551 (1975) (providing that the plaintiff shall include in the complaint a detailed specification and factual description of each act and omission alleged by the plaintiff to render the health care provider liable). The district court gave Adams an opportunity to correct the defects in his complaint, but he failed to do so. Thus, we conclude from the record that the district court properly dismissed the federal claims with prejudice and the state law claims without prejudice. Accordingly, we affirm the district court's order dismissing Adams's amended complaint.

**AFFIRMED**.