[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15276
_____

D.C. Docket No. 9:15-cv-80999-DMM


VIBE MICRO, INC.,
a Nevada Corporation,
8 SPEED 8,
a foreign corporation,
EDWARD MANDEL,
an individual,

                                        Plaintiffs - Appellants,


versus

IGOR SHABANETS,
an individual,
SIG CAPITAL, INC.,
a Florida corporation,
RAIN KIOSK, INC.,
a foreign corporation,
KARLA GUARINO,
an individual,
THOMAS PARKER,
an individual, et al.,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 3, 2018)

Before WILSON and ROSENBAUM, Circuit Judges, and TITUS,[*] District Judge.

WILSON, Circuit Judge:

This appeal concerns the discretion of a district court to dismiss a complaint on shotgun pleading grounds. Plaintiff Edward Mandel[1] appeals the district court's dismissal with prejudice of his Second Amended Complaint (SAC). The district court, lamenting the shotgun pleading nature of the First Amended Complaint (FAC), had given Mandel—represented by counsel that failed to request leave to amend—an opportunity to replead and a thorough set of directions on how to remedy the errors in the FAC. When Mandel failed to do so in the SAC, and perhaps even exacerbated the pleading issues, the district court dismissed the SAC with prejudice on Rule 8 grounds. Mandel now argues that the district court was powerless to do so, and that he deserves at least one more chance to replead. After

_____

[*] Honorable Roger W. Titus, United States District Judge for the District of Maryland, sitting by designation.

[1] Mandel controls Vibe Micro, Inc., another plaintiff. Mandel also purported to sue in a derivative manner on behalf of 8 Speed 8, Inc. All three entities are appellants in this matter. For simplicity, we refer to the plaintiffs collectively as Mandel.

2

reviewing the record and briefs, and with the benefit of oral argument, we affirm on most issues, but remand in a limited manner with respect to the state law claims.

I.

After allegedly being the victim of a scheme to force him off the board of a bill payment terminal company, Edward Mandel sued numerous defendants in the Southern District of Florida. Represented by counsel, he filed a six-count original complaint (OC), alleging breach of fiduciary duty, civil conspiracy, and violations of the RICO statute. The OC spanned 49 pages, with 109 pages of exhibits.[2] Amending once as of right, Mandel, still represented by counsel, filed the FAC, which had grown to 56 pages and 168 pages of exhibits.

The FAC was "a mostly incoherent document" containing "duplicative," "inconsistent," and "wholly conclusory" allegations in paragraphs that spanned multiple pages. *Vibe Micro v. Shabanets*, No. 15-cv-80999, 2015 WL 11438937, at *4 (S.D. Fla. Dec. 4, 2015), ECF No. 97. Its allegations were "oftentimes not connected to a particular Defendant or set of Defendants, making it impossible to understand who did what." *Id.* In light of these deficiencies, several defendants filed motions to dismiss. Mandel never requested leave to amend the FAC, either in his responses to the motions to dismiss or anywhere else.

---

[2] Our detailing of the length of Mandel's complaints should not be construed as an indictment against all long complaints. Rather, the recitation here serves as one illustration of the shotgun nature of the pleadings in this case. Mandel admits on appeal that the final complaint remained a shotgun pleading.

The district court dismissed the FAC without prejudice for violating Rule 8.[3] Making an "attempt[] to understand the alleged facts, to the extent possible," however, the district court enumerated several deficiencies in the FAC, and stated that Mandel "must cure" them in a SAC if he wished for the case to continue.  *Id.* This 15 page order dismissing the FAC thoroughly explained how to improve the pleadings through a SAC, and the district court sua sponte allowed Mandel to file a SAC within 10 days.

Unfortunately, the SAC did not improve.  It ballooned to 70 pages, with 160 pages of exhibits.  The "allegations remain[ed] duplicative," it "continue[d] to contain labeling and numerical inconsistencies," and it "continue[d] to fail to provide even minimal notice to the individual Defendants as to what conduct they are alleged to have participated in."  *Vibe Micro, Inc. v. Shabanets*, No. 15-cv-80999, 2016 WL 4256915, at *1–2 (S.D. Fla. July 19, 2016), ECF No. 146.  Once again, several defendants filed motions to dismiss, and, once again, Mandel—still represented by counsel—did not request leave to amend his pleading.[4]

The district court found that the SAC was "a 'shot gun' pleading of the sort the Eleventh Circuit 'has been roundly, repeatedly, and consistently condemning

---

[3] *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

[4] Mandel argues that his request for "further relief . . . that the Court deems fair, just and equitable" in his response to a motion to dismiss somehow was tantamount to a request for leave to amend.  We reject this argument.

4

for years,'" and that its "[m]aterial allegations, if there are any, [were] 'buried beneath innumerable pages of rambling irrelevancies,' making no distinction between the defendants engaged in the various alleged acts." *Id.* at *2 (citations omitted). Finding that it violated Rule 8, the district court dismissed the SAC with prejudice. After this order dismissing the SAC, Mandel did not file any motions and did not make any requests for leave to amend. Rather, he simply appealed the order.

On appeal, Mandel admits that the SAC "had not fixed all of the shot-gun pleading problems that resulted in the dismissal of the FAC," but argues that he deserves "at least one additional opportunity to fix the pleading problems." The thrust of his argument is that a district court can never dismiss a pleading with prejudice on Rule 8 shotgun pleading grounds unless it finds evidence of bad faith. We disagree.

## II.

We review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim

5

rests." *Weiland*, 792 F.3d at 1323 (defining the four types of shotgun pleadings). Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See generally Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting numerous cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). They waste scarce judicial resources, "inexorably broaden[] the scope of discovery," "wreak havoc on appellate court dockets," and "undermine[] the public's respect for the courts." *Id.* at 981–83 (detailing the "unacceptable consequences of shotgun pleading").

A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds. *Weiland*, 792 F.3d at 1320. In the special circumstance of non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006); *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S. Ct. 2131 (2008); *Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (per curiam). In these cases, even if the parties do not request it, the district court "should strike the complaint and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R.

6

Civ. P. 11(b)." *Byrne*, 261 F.3d at 1133 n.113 (alterations adopted) (quoting *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)). This initial repleading order comes with an implicit "notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Id.* at 1133.

However, this rule does not extend indefinitely. We have held that a "district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). We specifically adopted this rule in *Daewoo*'s Rule 12(b)(6) context to prevent litigants from getting "two bites at the apple" when appealing final orders of the district court. *Id.* at 543. Under our pre-*Daewoo* rule,[5] the appellant achieved success on a Rule 12(b)(6) appeal whether we reversed or affirmed: if we reversed, the appellant won on the merits of his appeal; if we affirmed, the appellant received another chance to replead without ever having to ask the district court for one. *Id.* Interpreting *Daewoo* in a shotgun pleading context, we have

---

[5] *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), *overruled by Daewoo*, 314 F.3d at 541.

noted that the case "recognizes the potential for abuse that follows allowing plaintiffs to appeal dismissed complaints as long as the district court freely permits amendment." *First Horizon*, 464 F.3d at 1280 n.7.

Reading these cases together, we hold the following:  When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.[6]  In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings.  Although the *Byrne* line of cases requires one sua sponte chance to amend a shotgun pleading, *Daewoo* operates in the background.  After that one *Byrne* opportunity to replead comes and goes, *Daewoo*'s rule operates to allow the district court to dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend.  *See First Horizon*, 464 F.3d at 1280 n.7 (construing *Daewoo* in a shotgun pleading context).  This holding "ensures that the issues get defined at the earliest stages of litigation," *Byrne*, 261 F.3d at 1133 n.113, while also weighing the important concerns upon which *Daewoo* rested, including judicial efficiency, finality, and limiting lengthy delays or abuse of the courts.  *See Daewoo*, 314 F.3d at 542–44.

---

[6] Here, as in *Daewoo*, we "decide and intimate nothing about a party proceeding pro se." *Daewoo*, 314 F.3d at 542 n.1.

In this case, the district court sua sponte gave Mandel a chance to replead and remedy his shotgun pleading issues, and provided him with a veritable instruction manual on how to do so.  Mandel did not fix the problem.  Since he admits on appeal that the complaint at issue remained a shotgun pleading, the district court could not have abused its discretion in dismissing it on shotgun pleading grounds.  Further, he did not ask the district court for leave to amend, and the district court was not required to sua sponte give him any additional chances to remedy the Rule 8 violations.  Therefore, we affirm the district court's dismissal with prejudice of the federal claims in the SAC.

## III.

When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7, 108 S. Ct. 614, 619 & n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").  Although it is possible for the district court to continue to exercise supplemental jurisdiction over these pendant claims, *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342,

1352 (11th Cir. 1997), if the district court instead chooses to dismiss the state law claims, it usually should do so without prejudice as to refiling in state court. *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999).

We find that to be particularly the case where, as here, the dismissal occurs without any analysis of the merits of the state claims. The district court dismissed the entire SAC with prejudice on non-merits Rule 8 grounds. However, to whatever extent that the SAC includes state law claims, the dismissal should have been without prejudice as to refiling in state court. Therefore, we remand for the limited purpose of clarifying the order in this respect.

## IV.

Mandel is not entitled to another chance to replead. The district court sua sponte gave him an opportunity to correct the shotgun pleading issues in his complaint, and provided him with specific instructions on how to properly do so. He did not fix it. We will not adopt a rule requiring district courts to endure endless shotgun pleadings. Therefore, although we remand for the limited purpose of clarifying that the dismissal of the state law claims is without prejudice as to refiling in state court, we affirm on all other issues.

**AFFIRMED IN PART, LIMITED REMAND IN PART.**

10