[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13924
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cv-00928-PGB-GJK

TOMMY J. EMBREE,

Plaintiff - Appellant,

versus

WYNDHAM WORLDWIDE CORPORATION,
WYNDHAM VACATION RESORTS, INC.,
FAIRSHARE VACATION OWNERS ASSOCIATION,
WYNDHAM VACATION OWNERSHIP, INC.,
RCI LLC,
TERRY DOST,
PETER HERNANDEZ,
ROB HEBELER,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 16, 2019)

Before MARCUS, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Tommy Embree, who allegedly owns an interest in the defendants' timeshare program ("the Wyndham timeshare program"), appeals the district court's dismissal with prejudice of her counseled second amended class action complaint as an impermissible shotgun pleading, under Federal Rules of Civil Procedure 8 and 10, after twice granting her leave to amend her complaint. Embree's second amended complaint raised 21 causes of action against various subsets of the 10 defendants, purporting to allege, among other claims, violations of the Arkansas Trust Code ("ATC"), breach of fiduciary duties, negligence, breach of the implied duty of good faith and fair dealing, unjust enrichment, and civil conspiracy. Her second amended complaint generally alleged that Wyndham's timeshare program had devised a complex "profiteering scheme" to use financing property held in a trust operated by the program -- which was made up of the monies and fees that the timeshare owners paid into the program -- to enhance its own profits to the detriment of the timeshare owners, who were forced to participate in the trust.

On appeal, Embree argues that: (1) the district court abused its discretion in dismissing her second amended complaint as a shotgun pleading because the complaint contained a short and plain statement of each of her claims, each count contained a separate cause of action and identified which of the defendants was

2

implicated, the defendants never argued that the complaint failed to provide notice of the specific claims against each of them, and there is ample evidence that the defendants and the district court understood the facts and claims presented; (2) the defendants' apparent claim -- that her second amended complaint impermissibly lumped them together by asserting claims against them when some of the named defendants were not liable for a particular cause of action -- goes to the merits and has no bearing on whether her complaint was subject to dismissal as a shotgun pleading; and (3) her failure to incorporate any of the general factual allegations into the individual counts is a "technical deficiency" that did not warrant dismissal. After careful review, we affirm.

I.

The relevant background is this. In January 2016, Embree filed her initial class action complaint, in the Western District of Arkansas, against 8 of the defendants, including Wyndham Worldwide Corporation ("WWC"), Wyndham Vacation Resorts, Inc. ("WVR"), Wyndham Vacation Ownership, Inc. ("WVO"), RCI LLC ("RCI"), FairShare Vacation Owners Association ("FairShare"), Terri Dost, Peter Hernandez, and Rob Hebeler. Her 24-page counseled complaint, containing a total of 114 enumerated paragraphs, presented 44 paragraphs of factual

allegations relating to the players of the Wyndham timeshare program,[1] how the program operated, its operation of an Arkansas-based trust ("the Trust") that encompassed the timeshare interests of all its timeshare owners, and Embree's transactions with the program. Her proposed class included all U.S. citizens who purchased a timeshare interest from Wyndham and placed their interest in the Trust. She raised 6 causes of action against various subsets of the 8 defendants, including ATC violations, breach of fiduciary duty, negligence, and unjust enrichment, all arising out of various profiteering schemes referenced in the complaint.

The defendants moved to dismiss the complaint, which Embree opposed. The case was transferred to the Middle District of Florida, and the court ultimately granted the defendants' motion to dismiss without prejudice on the ground that the complaint was an impermissible shotgun pleading under Rule 8(a)(2). According to the court, the complaint's multiple counts incorporated all of the preceding allegations into each count, failed to specifically identify the facts relevant to each count, and required the defendants and the court to sift through it to determine which facts were relevant to each cause of action. The court ordered Embree to replead and directed that any amended complaint would need to "clearly delineate which factual allegations [were] relevant to each claim."

---

[1] Embree often refers to "Wyndham" generally, without designating to which Wyndham entity or entities she is referring.

4

In April 2017, proceeding with counsel, Embree filed her first amended complaint against the same 8 defendants. This 28-page complaint set out 89 enumerated paragraphs presenting substantially similar factual allegations and 4 of the 5 profiteering schemes she had alleged previously. In the remaining 35 paragraphs, Embree raised the same 6 causes of action against the defendants. This time, Embree stated at the outset of each cause of action that she was "restat[ing] and re-alleg[ing] Paragraphs 1 through 89 as if fully set forth herein," without delineating which facts aligned with each cause of action or to each defendant. The defendants moved to dismiss the first amended complaint for failure to state a claim, separately noting that the complaint had not corrected the deficiencies described in the court's order dismissing her initial complaint as a shotgun pleading.

Thereafter, the district court dismissed Embree's first amended complaint without prejudice as another shotgun pleading because it failed to separate into a different count each cause of action or claim for relief. As an example, the court noted that Count 1 indiscriminately asserted claims for violations of two Arkansas Trust Code sections against multiple defendants arising from four separate courses of conduct. The court explained that the complaint's failure to separate into counts the various claims asserted deprived the defendants of adequate notice of the claims asserted and the grounds supporting each claim. The court again ordered Embree to

5

replead, directing that any amended complaint should "separate each claim [of] relief based on a discrete theory and/or series of facts into different [c]ounts."

Then, in February 2018, still proceeding with counsel, Embree filed her second amended complaint, adding Wyndham Consumer Finance, Inc. ("WCF") and Wyndham Vacation Management ("WVM") as defendants. This 41-page and 172-paragraph complaint presented substantially similar factual allegations and raised 21 causes of action against subsets of the defendants based on the same four core profiteering schemes, which she designated with labels to organize the counts:

(1)    Counts 1-4 alleged that four defendants violated various ATC provisions to Embree's and the class members' detriment by financing their timeshare purchases, from which WVR earned a profit;

(2)    Counts 5-7 alleged that four defendants violated various ATC provisions by enrolling them in RCI, from which RCI earned a profit;

(3)    Counts 8-12 alleged that four defendants violated various ATC provisions by charging them the FairShare Plus Assessment, from which WVR earned a profit;

(4)    Counts 13-15 alleged that three defendants violated various ATC provisions by improperly increasing the Guest Certificate Fee; and

(5)    Counts 16-21 alleged that, by participating in these profiteering schemes, various subsets of the defendants had breached their fiduciary duties, breached the implied covenant of good faith and fair dealing, operated the Trust negligently, were unjustly enriched, and conspired to use the Trust to enrich themselves at the Trust beneficiaries' expense.

Each count related to a different claim of relief based on a discrete theory. This time, Embree did not incorporate any of the preceding general allegations into each count.

But while Embree's second amended complaint attempted to rectify some of the deficiencies in her earlier complaints, many of the counts still failed to restate any pertinent facts and failed to allege each defendants' particular conduct in relation to the count. Once again, the defendants moved to dismiss the complaint with prejudice as a shotgun pleading because it failed to incorporate the general allegations into the claims for relief, pervasively lumped separate companies together in a conclusory fashion, treated separate companies as a single entity without explanation, and failed to differentiate the allegations against each defendant so that each could identify its allegedly improper conduct. Alternatively, the defendants argued that the complaint failed to state a claim. Embree did not move to file a third amended complaint.

The district court granted the defendants' motion to dismiss and dismissed with prejudice Embree's second amended complaint as a shotgun pleading, in violation of Rules 8 and 10. The court concluded that Embree had failed to set forth her claims and supporting factual allegations discretely and succinctly so that it could determine what she was claiming, what alleged facts supported each claim, and whether she actually stated a claim. The court stated that she had failed to incorporate any of her general factual allegations into the individual counts, it was

7

still completely unclear which of the factual allegations pertained to which claims and/or defendants, and she failed to present allegations of specific wrongdoing as to each of the defendants. The court determined that dismissal with prejudice was required because, despite giving Embree two prior chances to correct the pleading deficiencies and explaining to her what was required to avoid dismissal, her pleading still failed to notify the defendants or the court which factual allegations supported the claims against each of the defendants. This timely appeal follows.

## II.

We review a dismissal on Rule 8 shotgun pleading grounds for abuse of discretion. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294 (11th Cir. 2018).

To comply with the federal pleading standards, Embree is required to, among other things, provide "a short and plain statement" of her claims showing that she is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Though there is no required technical form, "[e]ach allegation must be simple, concise, and direct." Id. at 8(d)(1). She is also required to present each of her claims in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." See id. at 10(b); Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (stating that multiple claims should be presented separately in adherence to Rule 10(b) "and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading").

8

Each claim based on a separate transaction or occurrence must be stated in a separate count if doing so would promote clarity. Fed. R. Civ. P. 10(b).

A complaint that fails to comply with Rules 8(a)(2) or 10(b), or both, may be called a "shotgun pleading." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). A shotgun complaint is one that, for example: (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act. Id. at 1322-23. In general, a shotgun pleading fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Id. at 1323. We've repeatedly condemned shotgun pleadings, see, e.g., id. at 1321 n.9, since "[p]leading claims in this fashion imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006).

When faced with a shotgun pleading, a district court must sua sponte give the plaintiff at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice. Vibe Micro, 878 F.3d at 1296. When the

9

amended complaint still fails to cure the deficiency, it may be subject to dismissal. See Weiland, 792 F.3d at 1320 (recognizing that a district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss with prejudice a complaint that is a shotgun pleading); see also Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018) (Implicit in a district court's order to replead is the "notion that if the plaintiff fails to comply with the court's order -- by filing a repleader with the same deficiency -- the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions" (quotations omitted)); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (A district court is not required to permit amendment if, inter alia, "there has been . . . repeated failure to cure deficiencies by amendments previously allowed").

Here, the district court expressly determined that Embree's initial complaint was a "shotgun pleading" and twice granted her leave to amend to satisfy the federal pleading requirements. Specifically, the court's first and second dismissal orders instructed that: (1) Embree could not incorporate all of the preceding allegations into each count and directed her to clearly delineate which factual allegations pertained to each claim; and (2) she could not indiscriminately assert claims for violations of various laws against multiple defendants arising from separate courses of conduct

10

and directed her to separate each of her claims of relief based on a discrete theory and/or series of facts into different counts.

Nevertheless, most of the enumerated counts in Embree's second amended complaint still failed to comply with the district court's orders. Notably, as the district court recounted, for Count 1 -- which alleged violations of two different sections of the Arkansas Trust Code -- "Defendants and this Court must still search the entirety of the Complaint to find which Defendant acted as trustee, and which actions of the named Defendants support the allegations set forth in Count 1." Order at 4. Most of the other counts similarly failed to restate any pertinent facts relating to the individual counts or otherwise incorporate any of the preceding general allegations, and failed to make clear which allegations pertain to which defendant. So, for example, in Count 3, Embree alleged that "WVR, WCF, and WWC admit they reap 'substantial incremental revenues and profits' from the financing and servicing of loans on Trust property" in violation of the ATC and that "[t]rustee FairShare, WVR, WCF, and WWC are each responsible to the Trust beneficiaries for profits made as a result of financing timeshare purchases," but made no reference to further factual allegations. Or, for example, in Count 19, Embree alleged that FairShare "breached its . . . duty [as trustee] . . . by evading the spirit of the transaction by assessing, collecting[,] or ultimately receiving the financial benefit of the excessive fees charged to" her and the class and by "engaging in the misleading

11

and deceptive practices described herein," without reference to further factual allegations.  And, in Count 21, Embree alleged that WWC, WVR, WVO, WVM, WCF, RCI, Dost, Hernandez, and Hebeler were "parties to a civil conspiracy" to "violate the [ATC] and to engage in the other unlawful, unfair[,] and deceptive acts outlined above"; each of those nine defendants owed a duty to Embree and the class "to protect them from self-dealing, breach of fiduciary duty, breach of implied duty of good faith and fair dealing, breach of the duty of loyalty, bias[,] or unfairness"; each of those nine defendants "committed overt acts, such as placing entities and individuals controlled or owned by WWC, WVO[,] and WVR in positions of authority and decision making over FairShare, in furtherance of their conspiracy"; and the "Defendants' conspiracy and their overt acts caused" Embree and the class "to suffer damages."

Overall, most of the counts in the second amended complaint made conclusory and convoluted allegations against certain subsets of the defendants, all the while referring to the same general factual allegations, with no clear connection to, or application of, those allegations.  This shortcoming was more than a "technical deficiency."  Rather, it violated Rules 8(d)(1) and 10(b) -- the allegations were neither "simple, concise, and direct," nor presented "with such clarity and precision" that the defendants could discern what Embree was claiming and frame a responsive pleading.  See Fed. R. Civ. P. 8(d)(1), 10(b); Anderson, 77 F.3d at 366.  Further,

12

these counts failed to specify the exact conduct each defendant engaged in as to each count.  Instead, Embree simply named the subset of defendants implicated in the count and referred to general conduct committed by the subset of the defendants. This shortcoming falls squarely within the fourth <u>Weiland</u> category and violates Rules 8(a)(2) and 10(b).  <u>See</u> Fed. R. Civ. P. 8(a)(2), 10(b); <u>Weiland</u>, 792 F.3d at 1322-23.  As the district court explained, "it is completely unclear which of the factual allegations set forth in the forty-page complaint pertain to which of Plaintiff's claims or to which Defendant."  Order at 4.  As a result, in order to respond to the pleading, "Defendants are left with the unenviable task of sorting through each factual allegation in the Second Amended Complaint in a futile attempt to discern what allegations are alleged against them."  <u>Id</u>.

Thus, even though the district court gave Embree -- who was represented by counsel -- <u>three</u> opportunities to file a complaint that complied with Rules 8 and 10 and the court's specific and repeated orders to cure the previous complaints' deficiencies, she ultimately filed a third complaint containing numerous non-compliant counts. While Embree argues that the defendants and the district court demonstrated an understanding of the facts and claims presented, the defendants have consistently claimed that Embree's complaints were deficient and the court explained that it was still completely unclear which of the factual allegations pertained to which claims and/or defendants and that it could not

determine what she was claiming, what alleged facts supported each claim, and whether she actually stated a claim. As we've said, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson, 77 F.3d at 367. So even if Embree's second amended complaint came closer to giving notice of her claims, it nevertheless continued to require the court to spend valuable time sifting through it to determine which facts were relevant to each cause of action and against each defendant. See Fed. R. Civ. P. 10(b); McInteer, 470 F.3d at 1354 n.6; Anderson, 77 F.3d at 366.

In short, despite the court's detailed and repeated instructions, Embree's second amended complaint still failed to provide a "short and plain statement" giving each defendant fair notice of the claims against it and the grounds upon which they rested, presented in separately numbered paragraphs "limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 8(a)(2), 10(b); Weiland, 792 F.3d at 1323; Anderson, 77 F.3d at 366. And Embree never moved to file a third amended complaint. In light of Embree's counseled status and her failure to cure the prior complaints' deficiencies after two opportunities to amend her complaint, the district court did not abuse its discretion in dismissing with prejudice her second amended complaint as a shotgun pleading. See Vibe Micro, 878 F.3d at 1296; Weiland, 792

14

F.3d at 1320; see also GJR Investments, Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010) (holding that courts do not construe a pleading drafted by counsel with the same leniency that they otherwise afford to pro se litigants who lack "the benefit of a legal education").

    **AFFIRMED.**