[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13470
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-00534-JSM-SPF


HUONG L. TRAN,
RICHARD W. HAZEN,

                                                        Plaintiffs-Appellants,

versus

CITY OF HOLMES BEACH,
a Municipal Corporation of the State
of Florida,
FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

                                                        Defendants-Appellees,

CARMEL MONTI,
former City Mayor,
et al.,

                                                        Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 17, 2020)

Before WILSON, BRANCH, and ED CARNES, Circuit Judges.

PER CURIAM:

Plaintiffs Huong Tran and Richard Hazen (who refer to themselves collectively as the Hazens) challenge the district court's dismissal with prejudice of their pro se civil rights lawsuit against the City of Holmes Beach, the Florida Department of Environmental Protection, and a number of other defendants connected to the City and the Department, and maybe against some other people as well, but that is not clear. The district court found that the Hazens' third amended complaint, like the versions of the complaint that preceded it, was an impermissible shotgun pleading. We agree and affirm.

I.

This case is the latest round in a nearly decade-long legal fight in state administrative proceedings, state court proceedings, and in federal court over a treehouse the Hazens built without a permit on their beachfront property.[1] The

---

[1] The dispute has been litigated before the City's Code Enforcement Board, the Florida Twelfth Circuit Court, the Florida Second District Court of Appeals, the United States District Court for the Middle District of Florida, and now this Court. At one point the Hazens sought review of a Florida court decision in the United States Supreme Court.

2

Hazens filed their pro se complaint in federal district court in March 2019 and amended it as a matter of course two weeks later.  The City filed a motion for a more definite statement under Federal Rule of Civil Procedure 12(e).  Instead of granting that motion, the court dismissed without prejudice the Hazens' first amended complaint on its own motion.[2]  In its dismissal order, the court stated that the Hazens' filing was a "quintessential shotgun pleading" because it incorporated into each count all of the preceding allegations and did not specify which defendants committed which alleged acts or omissions.  The court's order allowed the Hazens to file a new complaint within 14 days.

The Hazens, still pro se, filed a second amended complaint within the allotted time.  The City and the Department filed separate motions for a more definite statement or, in the alternative, for dismissal under Federal Rule of Civil Procedure 12(b)(6).  The court granted those motions and dismissed the second amended complaint without prejudice.  In its dismissal order the court explained that the second amended complaint was still a shotgun pleading and was even more confusing than the first amended complaint had been because the second amended

---

[2] The court said that it was dismissing the complaint under Federal Rule of Civil Procedure 12(b)(6) on the City's motion, but the City had not actually moved to dismiss the amended complaint or relied on Rule 12(b)(6).  The appropriate remedy upon granting a Rule 12(e) motion for a more definite statement is to order the plaintiff to refile his complaint; the court may strike the plaintiff's existing complaint only if he fails to comply with that order within 14 days.  See Fed. R. Civ. P. 12(e).  Here the court did not order the Hazens to file another complaint but instead allowed them to do so.  And it did not wait 14 days before striking the amended complaint but instead dismissed it without prejudice immediately.

complaint contained many more causes of action and alleged facts than the earlier one had.  The court pointed out that the second amended complaint still referred to the defendants largely in the collective and was unclear about which constitutional provisions provided the basis for the 42 U.S.C. § 1983 claims.  The court advised the Hazens that they could file a third amended complaint but warned them it would be their last chance to amend, and the court "strongly encourage[d] [the Hazens] to seek legal advice on these matters as it is not the Court's responsibility to further educate [them] on the Federal Rules of Civil Procedure."

The Hazens, still proceeding pro se, filed the third amended complaint that is the subject of this appeal.  The City and the Department both filed motions to dismiss under Rule 12(b)(6), and the district court granted both motions after the Hazens responded to the City's motion but before they had a chance to respond to the Department's motion.  This time the dismissal was with prejudice.  The court found that the third amended complaint was still a shotgun pleading and expressed the opinion that the lawsuit was also subject to dismissal on claim preclusion grounds.  The Hazens moved for reconsideration because the court had not considered their arguments in response to the Department's motion, only the City's motion.  The court granted the motion for reconsideration to the extent the Hazens asked the court to consider their arguments, but it denied the motion to the extent the Hazens asked it to change its mind about dismissing the case.

The Hazens have appealed the district court's dismissal order and its order on their motion for reconsideration.

## II.

"A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted). Shotgun pleadings violate Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," by failing to give the defendants notice of the claims against them and the grounds on which those claims rest. Id. (quotation marks omitted). And they sometimes violate Federal Rule of Civil Procedure 10(b), which requires the pleader to state "each claim founded on a separate transaction or occurrence . . . in a separate count or defense" if doing so "would promote clarity." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015) (quotation marks omitted). We review the dismissal of a shotgun pleading only for abuse of discretion. Vibe Micro, 878 F.3d at 1294.

We have recognized four types of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts all allegations of all preceding counts; (2) a complaint that is full of conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action; (3) a complaint that does not separate each cause of action or claim for relief into different counts; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions, or which of the defendants the claim is brought against. Weiland, 792 F.3d at 1321–23. Those categories do not have precise and clearly marked boundaries — we said in Weiland that they are "rough" and "cannot be too finely drawn." Id. at 1321. But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

The third amended complaint falls into the last Weiland category because it fails to provide notice of what claims each defendant must defend against. In the "parties" section the Hazens list as defendants the City; "City Building Officials of the City of Holmes Beach, to include Mr. Thomas O'Brien and Mr. James McGuiness, in their official capacity"; "[o]ther unnamed City Officials, in their official or individual capacity"; the Department; James Martinello, "Environmental Manager, Bureau of Beaches and Coastal Systems," in his official capacity; "[o]ther unnamed State Officials, in their official or individual capacity"; and "[o]ther anonymous persons, in their individual capacities." Included in those

6

groups of "unnamed" and "anonymous" defendants may be a number of officials who are also referred to in the factual allegations of the pleadings.  Or maybe not.

The Hazens' latest (and last) pleading does not specify what claims they are bringing against most of the named defendants.  Eight of the nine counts in the third amended complaint are labeled as against the City, against the Department, or both.  The one exception is Count VI, which does not name a defendant at all but instead alleges in the abstract that certain provisions of law are unconstitutional.  None of the counts specify that the claims (if any) in them are against any of the officials named or referred to in the "parties" section.  The Hazens must be trying to bring some sort of claim against those officials because they named them as parties defendant.  But they never say what those claims are and those parties as well as the Court are left to guess what they might be.  Fostering guesswork is not a goal of pleading, and requiring it violates not only Rule 8 but also Rule 10(b).  See Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.").[3]

---

[3] The City and the Department assert, as another reason why the third amended complaint is a shotgun pleading, that the Hazens have failed to specify in what capacity many of the defendants are being sued.  The Hazens allege that they are suing the unnamed city and state officials in their "official or individual capacity."  (Emphasis added.)  That is a failing, the argument goes, because it affects how those officials must defend against the Hazens' claims: in an individual-capacity claim a defendant may assert the defense of qualified immunity, see Tapley v. Collins, 211 F.3d 1210, 1211 n.2 (11th Cir. 2000), while in an official-capacity claim

In addition, the Hazens have not provided sufficient notice of which defendants are claimed to be responsible for which acts and omissions because they often refer to defendants collectively.  See Weiland, 792 F.3d at 1323 (stating that some shotgun pleadings "assert[ ] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions").  For example, in Count X,[4] which asserts a claim under 42 U.S.C. § 1986, the Hazens allege collective acts and omissions by "[t]he City building officials, City attorneys[,] and City code enforcement officers"; by "the Mayors and Commissioners"; by "[t]he Department Managers, Mr. Martinello and Dr. Subbuswammy[,] and unnamed Department staff"; and by "[t]he State Officials." They do not say who the building officials, the city attorneys, the code

_____

the plaintiff must establish that a governmental "policy or custom" was behind the alleged violation of federal law, see Hafer v. Melo, 502 U.S. 21, 25 (1991).

    That may (or may not) be a reason to dismiss a complaint as a shotgun pleading.  A number of district courts in this Circuit have ruled that it is.  See, e.g., Johnson v. Liberty County, No. 4:18-cv-216, 2019 WL 1576303, at *2 (S.D. Ga. Apr. 11, 2019); Buckner v. Whitley, No. 3:18-cv-610, 2019 WL 1117914, at *2 (M.D. Ala. Mar. 11, 2019); Thorn v. Randall, No. 8:14-cv-862, 2014 WL 5094134, at *2 (M.D. Fla. Oct. 10, 2014).  But we need not decide that question because multiple grounds for dismissal are not required.

    [4] We mentioned above that there are nine claims, not ten, in the third amended complaint. The pleading skips over Count V (like some elevators skip over the thirteenth floor).  As a result, the claim labeled Count X is actually the ninth one.

enforcement officers, the mayors, the commissioners, the unnamed department staff, or the state officials are, let alone who within each group did what.[5]

The Hazens contend that the district court erred because dismissal with prejudice is an "extreme sanction" that is appropriate only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that a lesser sanction would not suffice.  But our case law "makes clear that dismissal of a complaint with prejudice [as a shotgun pleading] is warranted under certain circumstances."  Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018).  One circumstance is where, as here, the pleader fails to remedy the problems with the complaint after being given another chance (or here two more chances) to do so.  See id.

The Hazens also contend that the district court erred by dismissing their lawsuit with prejudice without giving them a chance to fix their mistakes.  We have held that district courts must give litigants at least one chance to amend a shotgun pleading.  See Vibe Micro, 878 F.3d at 1296.  The Hazens are right that the district court did not give them a chance to fix their mistakes — it gave them two chances to fix it, twice as many chances as are required.  Instead of fixing the mistakes they made in their complaint, they doubled down and replaced one

---

[5] The complaint does specify that two named individuals are "include[d]" among the city building officials, but there could be more.  And it says that the commissioners "include" four named individuals but, again, there could be more.

9

shotgun pleading with another shotgun pleading. The district court could have dismissed that one with prejudice. Instead, the court gave the Hazens a break and dismissed it without prejudice and even explained to them what was wrong with it. The court also urged them to seek legal advice before filing a third amended complaint because that was going to be their last chance. Instead of following the court's advice, the Hazens filed a third amended complaint that was as shotgunny as the two that preceded it had been. Three chances are plenty. There was no abuse of discretion in dismissing the third amended complaint with prejudice.

The Hazens protest that the district court saddled them with a heightened pleading standard. There is, however, nothing heightened about application of the rule against shotgun pleading, which is based on Rule 8, Rule 10, and our precedent.

The Hazens also assert that the district court did not give them the extra leeway accorded to pro se plaintiffs. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[W]e are to give liberal construction to the pleadings of pro se litigants, [although] we nevertheless have required them to conform to procedural rules.") (quotation marks omitted). The court did give the Hazens that much leeway and more. Even pro se plaintiffs must comply with pleading rules or face judgment day, which for the Hazens came after the district court gave them two chances to replead, and even some guidance about what was wrong with the

10

way they had done it before.  The district court did not demand that the Hazens, as pro se litigants, submit an artfully drafted or flawless complaint, just one that gave fair notice to the people the complaint mentioned about who was a defendant and what the claim or claims against them was or were.  Only after the Hazens failed to do that in a third attempt was judgment entered against them.

　　**AFFIRMED.**