[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12037

Non-Argument Calendar

_____

SOHAIL M. ABDULLA,

                                                    Plaintiff-Appellant,

*versus*

SOUTHERN BANK,

                                                    Defendant-Appellee,

SARDIS BANKSHARES, INC.,

                                                    Defendant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:21-cv-00099-JRH-BKE

_____

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Sohail Abdulla appeals the district court's order granting Southern Bank's motion to dismiss his pro se amended complaint, which raised breach-of-contract, accounting, and illegal-entry-into-a-safety-deposit-box claims. On appeal, he argues the district court erred by dismissing his complaint. After careful review, we affirm.[1]

I.

On June 23, 2021, Abdulla filed his initial complaint against Southern Bank and its former holding company, Sardis Bankshares, Inc., alleging violations of several federal and state laws. Southern Bank and Sardis moved for a more definite statement and to dismiss for numerous reasons, including failure to state a claim. The parties stipulated a dismissal of Sardis from the lawsuit. On January 3, 2022, the district court granted the motion to dismiss as to the federal law claims for failure to state a claim, determining those statutes lacked a private cause of action. The district court then

_____

[1] In its brief on appeal, Southern Bank asks us to sanction Abdulla pursuant to our Local Rule 25-6(a)(1) for arguing on appeal that Southern Bank lied in an affidavit below. We conclude that sanctions are not appropriate here.

noted that the remainder of Abdulla's initial complaint was a shot-gun pleading and gave him an opportunity to amend.  The district court explained that Abdulla had to set forth each of his claims as separate claims, clearly allege the appropriate facts under each of his claims, state each claim plainly and succinctly without conclu-sory allegations, and eliminate extraneous material.

On January 18, 2022, Abdulla filed his amended complaint, alleging diversity jurisdiction over his state law claims.  Abdulla marshaled three counts: (1) breach of contract, (2) accounting, and (3) illegal entry into a safety deposit box.  His breach-of-contract and accounting claims contained very little factual matter and con-clusory allegations.  These two counts also incorporated his previ-ous sixty factual allegations, discussing various properties and the bank notes attached to each property and other actions allegedly taken by Southern Bank.  The accounting claim also incorporated the allegations listed in his breach-of-contract claim.  His third claim—illegal entry into a safety deposit box—contains only two paragraphs, one of which contains multiple allegations ranging from specific-and-detailed to conclusory.  Abdulla also attached over 270 pages of exhibits.  Southern Bank moved to dismiss for failure to state a claim or failure to comply with the Federal Rules of Civil Procedure and the court's prior order.

On May 10, 2022, the district court granted Southern Bank's motion to dismiss, finding Abdulla's amended complaint to be a shotgun pleading because (1) two of his claims incorporated all pre-ceding paragraphs; (2) the amended complaint contained

"conclusory, vague, and immaterial facts"; and (3) he failed to clearly describe the basis for each of his claims, specifically noting that because he referenced three different notes, it was hard to discern what basis upon which his breach of contract claim rested. The district court also found that Abdulla willfully disobeyed its prior order by filing the amended complaint without correcting identified issues and that, for the above reasons, dismissal with prejudice was an appropriate remedy. Abdulla timely appealed.

## II.

Abdulla argues that the district court erred in dismissing his amended complaint for three reasons. First, he argues the district court erred in determining that his amended complaint was a shotgun pleading. Second, the district court erred in finding that he willfully disobeyed the court's prior order. Last, the district court erred in dismissing his state law claims with prejudice.

First, we review a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). A complaint must contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Further, claims should be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Shotgun pleadings include complaints that: (1) contain "multiple counts where each count adopts the allegations of all preceding counts"; (2) are "replete with conclusory, vague, and

immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). All of these types of shotgun pleadings are characterized by their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, the district court did not abuse its discretion in dismissing Abdulla's amended complaint as a shotgun pleading. Abdulla's amended complaint fits into two of the categories enumerated above. First, Abdulla incorporated his first count into his second count. Although we recognize that this may not be the most egregious manifestation of a shotgun pleading, our case law states that a complaint with many counts that incorporate all preceding counts is a shotgun complaint. *See Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1330–31 n.22 (11th Cir. 2004). Second, Abdulla's amended complaint contains numerous conclusory, vague, and immaterial facts. For example, Abdulla discusses bids he made on foreclosed properties and the sale of those properties, including financing and down-payment information. He also includes allegations about advice counsel allegedly gave to Southern Bank. Further, Abdulla's breach-of-contract claim identifies breaches of multiple contracts in one breach of contract claim. While we recognize that Abdulla's amended complaint is not the

most egregious shotgun pleading, it is nonetheless a shotgun pleading, and our review is confined to searching for an abuse of discretion.

Thus, we conclude that the district court did not abuse its discretion by dismissing with prejudice Abdulla's amended complaint as a shotgun pleading.[2] Having made this determination, we decline to further decide whether the court abused its discretion by dismissing Abdulla's amended complaint with prejudice for violating its prior order.

Abdulla relied on our case in *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018) to argue that the district court should not have dismissed his state law claims—what amounted to, after the dismissal of his federal claims, his entire amended complaint. *Vibe Micro* is distinguishable from the case we face here, however. In *Vibe Micro*, we concluded that when a district court dismisses an entire action that includes pendant state claims, it should ordinarily dismiss the pendant state claims without prejudice to that they may be refiled in the appropriate state court. *Id.* at 1296–97.

---

[2] It is true that "while this circuit's shotgun-pleading rule applies to everyone, we ordinarily give pro se litigants more leeway when it comes to drafting." *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019). However, like other litigants, if a pro se litigant files an amended complaint without substantially fixing the identified deficiencies in the original complaint, dismissal with prejudice may be warranted. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018). Here, the district court gave Abdulla another opportunity, and he failed to fix the deficiencies.

Here, Abdulla's case is distinguishable.  Abdulla's amended complaint contained no federal law claims, and he asserted diversity jurisdiction as the basis for his claims being in federal court.  His state law claims were not based on supplemental jurisdiction like in *Vibe Micro*.

Thus, we affirm the district court's dismissal of Abdulla's amended complaint.

**AFFIRMED.**