[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-12770

Non-Argument Calendar

————————————

MAMBERTO REAL,

Plaintiff-Appellant,

*versus*

JUDITH MORAN,
FRANK DIAZ GINES,
PRESBYTERIAN HOMES & HOUSING
FOUNDATION OF FLORIDA, INC.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cv-00926-JLB-KCD

_____

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Mamberto Real, proceeding *pro se*, appeals the district court's order dismissing, with prejudice, his claims of national origin discrimination pursuant to the Fair Housing Act (FHA), 42 U.S.C. § 3604; the Civil Rights Act of 1964 (Title VI), 42 U.S.C. § 2000d; and retaliation in violation of 42 U.S.C. § 3617.  He asserts the district court abused its discretion by dismissing his complaint as a shotgun pleading.  He maintains the dismissal was improper due to an earlier grant of leave to proceed *in forma pauperis* (IFP) that he asserts creates a conflict of interpretation between a magistrate judge and the district court.  After review, we affirm the district court.

Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2008) (quotation marks and alterations omitted).  Shotgun pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are replete with conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). All these types of shotgun pleadings are characterized by their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The district court did not abuse its discretion by dismissing Real's complaint as a shotgun pleading. *See id.* at 1320 (reviewing the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion). As the district court found, Real's complaint has aspects of the first and second forms of shotgun pleadings as each count adopts allegations of the preceding counts and the complaint contains vague and conclusory allegations.

The complaint contained seven counts, each reincorporating by reference the allegations set out in paragraphs 1 through 36. While the reincorporations appear to be limited to the "factual allegations" portion of his complaint, the last five paragraphs (paragraphs 32 through 36) of Real's factual allegations are legal conclusions, and Real merges the same legal claims into each of the seven counts. Thus, by realleging paragraphs 32 through 36 into each count of the complaint, Real cumulatively restates allegations of retaliation and discrimination throughout his complaint, making it "virtually impossible to know which

allegations . . . are intended to support which claim(s) for relief." *See Anderson v. District Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Real's complaint also contained conclusory and vague language and facts that could not be clearly attributed to any particular cause of action. *See Weiland*, 792 F.3d at 1322. Real alleged retaliation during the rental process throughout his complaint. Stating a claim for retaliatory housing discrimination requires a plaintiff to allege the defendants coerced, intimidated, threatened, or interfered with his exercise of rights under the FHA. 42 U.S.C. § 3617. Real pleads the elements of a claim under § 3617 without explaining how the facts of his case correlate to the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, the many unsupported assertions within the complaint fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *See Weiland*, 792 F.3d at 1323.

The district court did not err by dismissing Real's complaint and exercising its inherent authority to control its dockets. *See Vibe Micro Inc.*, 878 F.3d at 1295 ("A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." (quotation marks omitted)). The instant complaint represents Real's fourth attempt to cure his

defective complaint, taking into account three complaints he filed in an earlier, almost identical proceeding, followed by the present suit. The record supports that Real received ample guidance from both the magistrate judge and the district court as to how to organize his pleadings.

Moreover, Real does not argue on appeal that the district court should not have dismissed the complaint without first granting him leave to amend it, so any issue in that respect is forfeited. *See United States v. Campbell*, 26 F.4th 860, 871-72 (11th Cir.) (en banc), *cert. denied*, 143 S. Ct. 95 (2022) (explaining issues not raised in a brief are forfeited). Likewise, Real asked the district court to dismiss his instant complaint with prejudice if it deemed the filing a shotgun pleading, so he could seek review from this Court. In any event, his litigation history suggests that any further attempt to amend would have been futile. Finally, the magistrate judge's determination that Real could proceed IFP did not preclude a later determination to dismiss the complaint. *See Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991) (recognizing that despite the fact a court may have reviewed a complaint and granted IFP status when the complaint was initially filed, the court may dismiss the complaint at a later date if the court determines the action is frivolous). Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] We DENY Real's Motion to Expedite Appeal as moot.