[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 23-11646

Non-Argument Calendar

———————————————

NITZA WRIGHT,

Plaintiff-Appellant,

*versus*

CHAIR OF EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-21090-RNS

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Nitza Wright appeals the district court's order dismissing with prejudice her second amended complaint against her former employer, the Equal Employment Opportunity Commission, as a shotgun pleading. Wright had three chances to file a compliant complaint. After the EEOC moved to dismiss her initial complaint as a shotgun pleading, she amended it as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). The EEOC again moved to dismiss, which the district court granted without prejudice, finding that Wright's amended complaint was a shotgun pleading. In response, Wright filed a second amended complaint. Finding that this complaint—Wright's third in total—was still a shotgun pleading, the district court dismissed her suit with prejudice. Wright appeals.

We review a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). We have identified four common categories of shotgun pleadings: complaints that (1) contain "multiple counts where each count adopts the allegations of all preceding counts;" (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) do not separate each cause of action or claim for relief into a different count; and (4) assert "multiple claims against multiple defendants without specifying which of the

defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The district court did not abuse its discretion by dismissing Wright's complaints as shotgun pleadings. As the district court found, her first amended complaint constituted a "sporadically arranged, prolonged recantation of multiple story lines that bear a questionable relevance to one another," dotted by "repeat and unexpected introductions to a complex cast of characters" and a litany of obscure acronyms. Worse, it committed what we have described as the "mortal sin" of shotgun pleadings: in a multi-count complaint, re-alleging all preceding counts in a successive one. *Weiland*, 792 F.3d at 1322.

Wright's second amended complaint presents essentially the same, meandering factual narrative as the first amended complaint, with only superficial edits. And although it tries to fix the incorporation problem, it does so by going too far in the opposite direction. Now, rather than re-alleging all preceding paragraphs, the second count of her complaint incorporates no factual allegations at all. And the first incorporates only twenty-five of the previous hundred-plus paragraphs, leaving it unclear whether and how the vast majority of her complaint applies to her legal claims

for relief.  Readers are left to sort through the litany of facts (and over seventy pages of accompanying exhibits) themselves, speculating "as to which factual allegations pertain to which count." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997).

There is no "rule requiring district courts to endure endless shotgun pleadings." *Vibe Micro*, 878 F.3d at 1297.  After a district court gives a counseled litigant a chance to replead and remedy her shotgun pleading, if the litigant is still unable to file a properly pleaded complaint, the court does not abuse its discretion by dismissing the suit with prejudice. *Id.* at 1296–97.  That is precisely what happened here.

**AFFIRMED.**