[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10841

Non-Argument Calendar

_____

SHAN SHAN SU,

Plaintiff-Appellant,

*versus*

BROWARD COUNTY,
a political subdivision of the State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-61385-WPD

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and GRANT, Circuit Judges.

PER CURIAM:

Shan Shan Su appeals the dismissal of her amended complaint alleging claims of race discrimination, disability discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), the Americans with Disabilities Act of 1990, *id.* §§ 12112(a), 12203(a), the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and the Florida Civil Rights Act, Fla. Stat. § 760.10, against Broward County. The district court dismissed the amended complaint with prejudice for failure to state a claim. Fed. R. Civ. P. 12(b)(6). We affirm.

We review the dismissal of a complaint for failure to state a claim *de novo*. *Tolar v. Bradley Arant Boult Commings, LLP*, 997 F.3d 1280, 1299 (11th Cir. 2021). We will not consider issues that were not raised in the district court and are raised for the first time on appeal absent extraordinary circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

Su failed to preserve the arguments she makes on appeal before the district court. A conclusory statement does not adequately preserve a more developed argument that could have been presented to the district court, *see Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1111 (11th Cir. 2020) (holding that a single sentence asserting a damages award was excessive and against the weight of the evidence did not adequately present the issue to the district court), nor

does a recitation of the underlying facts without argument, *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011). In her response to the County's motion to dismiss, Su asserted without argument that her claims were plausible by quoting factual portions of her amended complaint, including a statement that the Florida Commission on Human Relations determined that there was "reasonable cause" to believe that the County engaged in retaliation and discrimination. Her conclusory assertion that her claims were plausible and quotations from her amended complaint were insufficient to preserve her arguments before the district court. *See Ruckh*, 963 F.3d at 1111; *Ledford*, 657 F.3d at 1258. And she has forfeited any argument on appeal that extraordinary circumstances warrant our review by failing to raise that issue in her initial brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Su also forfeited her argument that her state law claims should have been dismissed without prejudice to allow refiling in state court by failing to raise the issue in the district court. *See Access Now, Inc.*, 385 F.3d at 1331–32. In any event, the district court did not abuse its discretion in dismissing Su's state law claims with prejudice because it dismissed Su's claims on the merits, not as a shotgun pleading. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (holding that a district court should dismiss state law claims without prejudice to allow refiling in state court when dismissed on non-merits shotgun pleading grounds).

We **AFFIRM** the dismissal of Su's amended complaint.