[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-13673
Non-Argument Calendar

————————————————

D.C. Docket No. 5:17-cv-01957-LCB

MARINA GIACOMINA GARCIA,

Plaintiff-Appellant,

versus

MADISON COUNTY ALABAMA SHERIFF'S OFFICE, et al.,

Defendants,

BLAKE L. DORNING,
in his official capacity as Sheriff of Madison County,
Alabama and in his individual capacity,
DAVID K. JERNIGAN,
in his official capacity as the former Chief Deputy Sheriff of Madison County,
Alabama and in his individual capacity,
CHARLES BERRY,
retired, former Captain, Criminal Investigation Division,
Madison County, Alabama, Sheriff's Office, in his official capacity
and in his individual capacity,
MADISON COUNTY ALABAMA,
MADISON COUNTY ALABAMA COMMISSION, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 30, 2021)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Marina Giacomina Garcia, proceeding *pro se*, appeals the district court's dismissal with prejudice of her fourth amended complaint as an impermissible shotgun pleading, in violation of Federal Rule of Civil Procedure 8(a). After careful review, we affirm.

I.

Garcia filed a counseled employment discrimination complaint against her employer, the Madison County Sheriff's Office; several of its high-ranking employees; Madison County, Alabama; the Madison County Commission; several county commissioners; and other Madison County employees. The complaint, which spanned 625 pages and contained 80 counts, alleged that the defendants had engaged in "unlawful employment practices on the basis of race[,] discrimination based on race[, and] harassment based on race"; created "a racially hostile working environment"; provided "different and less favorable treatment based on race"; and

2

retaliated against Garcia for opposing such unlawful behavior.  Doc. 1 at 3–5.[1]

The complaint further alleged "sexual harassment, a sexually hostile working

environment," and retaliation for opposing such unlawful sexual behavior.  *Id.* at 5.

The complaint alleged that the defendants violated Title VII of the Civil Rights

Act; 42 U.S.C. §§ 1981, 1981a, 1981(a), and 1983; and the Fourteenth

Amendment.

The defendants moved to dismiss the complaint or, alternatively, for a more

definite statement.  Garcia moved to amend her complaint.  The district court

granted the defendants' motion in part and granted Garcia's motion for leave to

amend.  The court noted that Garcia's complaint was "excessively lengthy and

repetitive and embodie[d] an egregious form of shotgun pleading."  Doc. 13 at 1.

The court directed Garcia to file an amended complaint not to exceed 30 pages,

exclusive of necessary exhibits.  The court further directed Garcia that her

amended complaint must comply with the pleading requirements in the Federal

Rules of Civil Procedure, explaining that the complaint must set forth each claim

in a short, plain statement containing allegations of fact and referencing the statute

or law under which each distinct claim was brought, as well as the relief sought for

each separate claim.  The court further directed Garcia that each count in the

amended complaint must contain only one discrete claim for relief.  And the court

---

[1] "Doc." numbers refer to the district court's docket entries.

indicated that Garcia's failure to comply with its instructions could result in her action being dismissed.

Garcia filed a first amended complaint. In numerous separate motions, the defendants moved to dismiss Garcia's first amended complaint. Garcia, who had obtained new counsel, voluntarily dismissed some of her claims against several defendants and moved to file a second amended complaint. The district court granted her motion, and Garcia filed a second amended complaint. After conferring with the defendants, however, Garcia filed an unopposed motion to file a third amended complaint. The district court granted the motion, and Garcia filed her third amended complaint.

The remaining defendants moved to dismiss the third amended complaint, arguing, in part, that the complaint was an impermissible shotgun pleading. In response, the district court ordered the parties "to meet and discuss the defendants' objections to the complaint" and for Garcia to file a fourth amended complaint. Doc. 102 at 1.

Garcia filed a 54-page fourth amended complaint against six defendants: Madison County, the Madison County Commission, Madison County Sheriff's Department Captain Charles Berry, Madison County Sheriff Blake Dorning, Director of the Madison County Personnel/Human Resources Department Jermie Howell, and former Chief Deputy Sheriff David Jernigan. The defendants all

moved to dismiss, arguing, in relevant part, that Garcia's fourth amended complaint was an impermissible shotgun pleading. The district court agreed and dismissed the fourth amended complaint with prejudice.

The court gave three reasons why the fourth amended complaint was an impermissible shotgun pleading. First, the complaint incorporated "large swath[s] of facts" into each count, including numerous facts that had no clear relevance to the count into which they were incorporated. Doc. 146 at 7. For example, Count I alleged sex discrimination against defendants Dorning and Madison County, but it incorporated 89 paragraphs, some of which "include[d] information about [Garcia's] promotion and issues she had with other Defendants." *Id.* Second, the complaint was "replete with conclusory allegations." *Id.* at 8. For example, Count VI accused defendant Dorning of violating Garcia's Fourteenth Amendment rights by treating her unequally because of her sex. It incorporated 89 paragraphs and stated that Dorning "'implicitly or explicitly adopted, ratified, condoned, authorized, executed, and/or implemented the reckless, deliberately indifferent and unlawful policies, customs, practices, and procedures described herein,'" without specifying which of the 89 paragraphs supported those allegations. *Id.* (quoting Doc. 105 at 27).

Third, some counts "combine[d] multiple causes of actions in one allegation." *Id.* Count X, for example, alleged that Jernigan "'violated [Garcia's]

5

clearly established rights under the 14th [A]mendment and 42 U.S.C. § 1983 as alleged in Paragraphs 1-89 in this Complaint, to be free from the unlawful acts and omissions alleged herein, which constitute sex discrimination, a sexually hostile environment, and unequal treatment in the workplace based upon her sex.'" *Id.* (quoting Doc. 105 at 39).  These claims, the district court explained, "do not contain identical elements," and so they should have been set forth as separate counts.  *Id.* at 9.

Finally, in designating the dismissal with prejudice, the district court explained that Garcia "ha[d] been given multiple opportunities to file a proper pleading" with specific instructions for how to do so, but she had "failed to make the necessary corrections."  *Id.* at 10.

This is Garcia's appeal.

## II.

A court has inherent authority to control its docket and, in some circumstances, dismiss pleadings that fail to conform with the Federal Rules. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  We review the district court's dismissal of a complaint on the ground that it is a shotgun pleading for an abuse of discretion.  *Id.*[2]

---

[2] We reject Garcia's argument that the district court dismissed the action for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As described above, the record clearly demonstrates otherwise.

III.

Garcia argues that the district court erred by dismissing her fourth amended complaint because it provided fair notice of her claims for relief.[3]  We disagree.

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A so-called shotgun complaint violates Rule 8 because it "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" and "waste[s] scarce judicial resources, inexorably broaden[s] the scope of discovery, wreak[s] havoc on appellate court dockets, and undermine[s] the public's respect for the courts."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

We have described four characteristics of shotgun complaints.  They (1) "contain[ ] multiple counts where each count adopts all allegations of all preceding counts"; (2) are "replete with conclusory, vague, and immaterial facts

---

[3] Garcia does not appeal the dismissal of her claims against three defendants, Jernigan, Berry, and Howell.  This does not change our analysis, however, because the problems the district court identified pervaded the fourth amended complaint.

The remaining defendants' motion to strike portions of Garcia's initial brief and portions of her corrected appendix is GRANTED to the extent that Garcia references and includes materials outside the record.  *See* Fed. R. App. P. 10(a); 11th Cir. R. 30-1.  Garcia's motion to supplement the record is DENIED.  *See Thunderbird, Ltd. v. First Fed. Sav. & Loan Ass'n of Jacksonville*, 908 F.2d 787, 795 (11th Cir. 1990); *Ross v. Kemp*, 785 F.2d 1467, 1474–75 (11th Cir. 1986).

not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into different counts; and (4) assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. The unifying characteristic of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id.* at 1323. Litigants are entitled to at least one chance to remedy the deficiencies that render a complaint an impermissible shotgun pleading. *Shabanets*, 878 F.3d at 1296.

The district court was within its discretion to conclude that Garcia's fourth amended complaint was an impermissible shotgun pleading. The fourth amended complaint exhibited at least two of the classic characteristics of shotgun pleadings. It contained conclusory, vague, and immaterial facts not obviously connected to any particular cause of action, and it failed to separate each cause of action or claim for relief into different counts. *See Weiland*, 792 F.3d at 1321–23. Additionally, although the fourth amended complaint did not incorporate and re-allege all previous counts, *see id.*, each count did re-allege large portions of factual allegations, many of which had no clear tie to the count into which it was incorporated. Thus, the complaint arguably exhibited three characteristics of an impermissible shotgun pleading.

Citing *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018), Garcia argues that the district court should have disregarded any conclusory allegations and then determined whether the remaining allegations plausibly stated a claim for relief. Assuming *McCullough* stands for the proposition that Garcia ascribes to it,[4] its rule necessarily only would apply if the complaint provided the defendants a baseline adequate notice of the claims against them and the grounds upon which each claim rested. The district court determined that the fourth amended complaint failed to provide such notice, and we cannot conclude that the court's decision amounted to an abuse of discretion.

Further, the district court afforded Garcia several opportunities to remedy the defects in her previous complaints, *see Shabanets*, 878 F.3d at 1296, and provided specific instructions on how to do so. Yet the fourth amended complaint contained many of the same deficiencies present in its prior iterations.[5] For these reasons, the district court did not abuse its discretion when it dismissed with prejudice the fourth amended complaint. We affirm the district court's judgment.

---

[4] In *McCullough*, we held that the district court erred in treating conclusory allegations as true, explaining that the district court must first identify and disregard conclusory allegations and then assume "any remaining factual allegations are true and determine whether those allegations plausibly give rise to an entitlement to relief." *McCullough*, 907 F.3d at 1333 (internal quotation marks omitted). The district court in this case did not make the same error.

[5] Garcia argues that the district court erred in focusing primarily on perceived deficiencies in the third amended complaint. We disagree. The district court referenced that complaint only to compare it to the one it ultimately analyzed, the fourth amended complaint.

**AFFIRMED.**