[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11692

Non-Argument Calendar

————————————————

EDDY JEAN PHILIPPEAUX,

Plaintiff-Appellant,

*versus*

MIAMI APARTMENTS INVESTORS, LLC,
c/o United Corporate Services, lnc.,
JOHN DOE,
Owner of Monare At Met 3,
ZRS MANAGEMENT,
BARON RESIDENTIAL, BARON,
Property Management,
SHARON FOTHERGILL, et al.,

Defendants-Appellees,


RKW RESIDENTIAL,


Defendant.


————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22981-PCH

————————————

Before WILSON, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Eddy Philippeaux, proceeding *pro se*, appeals the district court's order dismissing his *pro se* second amended complaint with prejudice as an impermissible shotgun pleading. Liberally construed, Philippeaux argues on appeal that he properly alleged that the defendants, Miami Apartments Investors, John Doe, ZRS Management, Baron Residential, Sharon Fothergill, and RKW Residential, harmed him when they did not accommodate his disability and that he stated a plausible claim for relief in his second amended complaint. After reviewing the record and reading the parties' briefs, we affirm the district court's order of dismissal.

## I.

We review for abuse of discretion a district court's order dismissing a complaint for failure to comply with the rules setting forth requirements for form of pleadings. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Under Federal Rule of Civil Procedure 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quotation marks omitted, alteration in original). The complaint must contain more than labels and bare conclusions. *Id.*, 127 S. Ct. at 1965. While *pro se* pleadings are liberally construed and held to less stringent standards than those drafted by attorneys, they still must provide some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Once the district court gives a plaintiff fair notice of the specific defects in his complaint and a meaningful chance to fix them, the district court can properly dismiss with prejudice if the plaintiff files an amended complaint afflicted with the same defects. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358-59 (11th Cir. 2018).

## II.

So-called "shotgun" pleadings do not provide a short and plain statement of a claim under Rule 8. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). We have "little tolerance for

shotgun pleadings," given that "[t]hey waste scarce judicial re-sources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court dockets, and undermine[] the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted, second and third altera-tions in original). "Shotgun" pleadings include complaints that: (1) contain multiple counts where each count adopts the allegations of all preceding counts; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) do not separate each cause of action or claim for relief into separate counts; or (4) assert multiple claims against multiple defendants without specifying which of the defendants are respon-sible for which acts or omissions. *Weiland*, 792 F.3d at 1321-23. All these types of "shotgun" pleadings are characterized by their failure "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Like other litigants, a *pro se* appellant abandons an issue by failing to address it in his opening brief. *Sapuppo v. Allstate Florid-ian Ins.*, 739 F.3d 678, 681-83 (11th Cir. 2014). An appellant fails to brief a claim when he does not "plainly and prominently" raise it, such as by devoting a discrete section of his argument to the claim. *Id.* at 681.

### III.

As an initial matter, to the extent that Philippeaux raises new allegations of retaliation by the defendants that have taken place

since he filed this appeal, those allegations are outside the scope of the appeal before us. Thus, we decline to consider them.

As to the remaining allegations, the record demonstrates that Philippeaux does not specifically address on appeal the district court's finding that his second amended complaint was a shotgun pleading, abandoning any such challenge. Even if we considered the claim, however, the record demonstrates that the district court did not abuse its discretion in dismissing Philippeaux's second amended complaint with prejudice as a shotgun pleading. The second amended complaint did not meet the requirements of Federal Rule of Civil Procedure 8(a) because Philippeaux did not give the defendants notice of his claims and did not state the grounds upon which each claim rests. While Philippeaux made some specific allegations against specific defendants regarding some claims within some counts, he asserted most of his claims against all the defendants generally. He did not specify which claims he was asserting against which defendant, and he did not identify which defendant was responsible for which alleged claim. The district court instructed him to provide more specificity, but he failed to do so. Accordingly, for the aforementioned reasons, we affirm the district court's order dismissing the complaint with prejudice.

AFFIRMED.[1]

---

[1] Philippeaux's motion for judicial notice and to supplement the record on appeal is DENIED because the documents at issue are not relevant to this appeal.