[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10243

Non-Argument Calendar

_____

MATTHEW MCCURLEY,

Plaintiff-Appellant,

*versus*

WELLS FARGO BANK N.A.,
HOUSING & URBAN DEVELOPMENT,
ARSENI ZAITSEV,
RANDAL ALONSO MANGHAM,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-04976-SEG

_____

Before WILSON, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Matthew McCurley, proceeding pro se, appeals the district court's grant of the defendants' motions to dismiss his pro se amended complaint raising claims related to fraud, negligence, and Racketeering Influenced and Corrupt Organizations (RICO) Act violations. On appeal, he argues that the district court abused its discretion by dismissing his amended complaint as a shotgun pleading because he claims to have fixed the deficiencies identified in his original complaint. After careful review, we affirm.

## I.    Background

McCurley's claims trace back to October 2014, when he attempted to purchase a residential property at 559 Pryor Street in Atlanta as his principal residence through Wells Fargo's "Homebuyers Priority Program." This program aimed to prioritize selling homes to first-time homebuyers over real estate investors. Wells Fargo sold the property to Arseni Zaitsev—who McCurley alleges was a real estate investor—for less than McCurley allegedly offered. McCurley alleges the sale resulted from Wells Fargo colluding and price-rigging with Zaitsev. McCurley emailed the Wells Fargo Board of Directors about this incident in November 2014.

Throughout 2015, McCurley attempted to purchase additional properties in New York and Georgia, which he alleges he was unable to buy because of fraudulent conduct by Wells Fargo. McCurley retained Randal A. Mangham as counsel in February

2016, related to his claims against Wells Fargo. Although McCurley appears to have been aware of his potential claims against Wells Fargo at that time, his counsel does not appear to have ever filed a lawsuit.

McCurley filed his initial pro se complaint in December 2022. The two-page complaint did not identify specific legal claims, but the civil cover sheet listed seven causes of action: (1) Negligent Misrepresentation, (2) Negligence by Failure to Disclose, (3) Real Estate Fraud, (4) Statutory Fraud, (5) Intentional Misrepresentation (Common Law Fraud), (6) Deceptive Trade Practices Act Violations, and (7) Racketeering (RICO Act violations). In July 2023, the district court granted Wells Fargo and Zaitsev's motions to dismiss without prejudice. Given McCurley's pro se status, the district court permitted him to file an amended complaint and provided specific instructions such as "set forth specific, discrete causes of action" and "provide specific facts—in separately numbered paragraphs—to support each allegation."

McCurley filed an amended complaint in August 2023. This amended complaint contained 70 pages and had 141 pages of attachments. Liberally construed, McCurley's amended complaint seems to assert negligent misrepresentation claims against Wells Fargo and Zaitsev and fraud claims against all defendants.[1] Wells

---

[1] McCurley's amended complaint listed the defendants as follows: "Wells Fargo Bank NA, Housing and Urban Development, Arseni Zaitsev, corrupt and negligent regulators known and unknown and others. Malpractice of Attorney Randal Alonso Mangam, Defendants' failure of Bar."

Fargo and Zaitsev filed motions to dismiss. McCurley's response requested leave to amend the complaint to add new defendants and a motion for default judgment as to U.S. Department of Housing and Urban Development (HUD). In December 2023, the district court granted Wells Fargo and Zaitsev's motions to dismiss with prejudice for two reasons: (1) McCurley's amended complaint was an improper shotgun pleading and (2) McCurley's claims were time barred. McCurley timely appealed.

## II.    Applicable Law

We review a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). We also review the denial of motions for default judgment for abuse of discretion. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (per curiam).

Shotgun pleadings are complaints that do not provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as is required by Federal Rule of Civil Procedure 8(a)(2). Shotgun pleadings include complaints that: (1) contain "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) contain pervasive "conclusory, vague, and immaterial facts not obviously connected" to a specific claim; (3) fail to "separate each cause of action or claim for relief into a different count"; or (4) assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts

or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324–25 (quotations omitted).

Though pro se pleadings will be liberally construed, a court may not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (quotations omitted). When pro se plaintiffs receive "non-merits dismissals on shotgun pleading grounds, we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). If the plaintiff does not correct the deficiencies of the initial complaint, the court may dismiss the action. *Id.*

Several other federal and state rules are relevant to our review. First, requests for leave to amend a complaint cannot be made in a response motion. *See Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1236 (11th Cir. 2022). Further, to serve process upon a federal agency, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." Fed. R. Civ. P. 4(i)(2). Entering "default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain*, 789 F.3d at 1245 (internal quotations omitted).

Under Georgia law, fraud has a four-year statute of limitations. O.C.G.A. § 9-3-31. Federal RICO claims also have a four-year statute of limitations. *See Rotella v. Wood*, 528 U.S. 549, 553

(2000). Georgia RICO claims have a five-year statute of limitations. O.C.G.A. § 16-14-8.

### III.    Analysis

McCurley raises twelve issues on appeal, many of which track with the two reasons the district court dismissed his case: failure to fix the shotgun pleading deficiencies in his amended complaint and his claims being time barred.[2]

After his first complaint was deemed a shotgun complaint, McCurley received directions from the district court about how to eliminate those deficiencies in an amended complaint. McCurley's amended complaint retained the traits of a shotgun pleading, such as several "conclusory, vague, and immaterial facts," not clearly connected to any specific claim. *See Barmapov*, 986 F.3d at 1324–25. Further, even when liberally construed, the amended complaint continued to lack clarity regarding which claims were brought against each of the multiple defendants. *See id.* The district court did not abuse its discretion in deeming McCurley's amended complaint a shotgun pleading.

---

[2] McCurley also raises the following issues on appeal: violation of his Seventh Amendment right to a jury trial; improper discovery practices, undermining the "just, speedy, and inexpensive determination of every action" as required by Federal Rule of Civil Procedure 1; characterizing what he intended to be exhibits as "miscellaneous attachments"; not recognizing a genuine issue of material fact; and a lack of updates from the counsel he obtained in 2016. We do not find these arguments meritorious.

Further, the district court did not abuse its discretion in denying McCurley's attempt to add parties to the case in his response to Wells Fargo and Zaitsev's motions to dismiss below. McCurley could not add parties to the case via his response. *See Chabad Chayil*, 48 F.4th at 1236. Similarly, the district court's denial of McCurley's motion for default judgment as to HUD was not an abuse of discretion given his inability to show appropriate service of process to HUD or a sufficient basis for the claim in his pleadings. Fed. R. Civ. P. 4(i)(2); *Surtain*, 789 F.3d at 1245.

Beyond deeming McCurley's amended complaint a shotgun pleading, the district court also found that his claims were time barred because they stemmed from events that occurred in 2014. McCurley wrote a letter to the Wells Fargo board of directors in 2014 and retained an attorney related to these claims in 2016. Both actions indicate that McCurley was aware of his potential claims arising out of the sale of the Pryor Street property. McCurley's initial complaint in this case was filed in 2022. By bringing the claim seven years after 2015 and eight years after 2014, McCurley well surpassed Georgia's four-year statute of limitations for fraud cases, Georgia's five-year statute of limitations for RICO cases, and the federal four-year statute of limitations for RICO cases. *See* O.C.G.A. §§ 9-3-31, 16-14-8; *Rotella*, 528 U.S. at 553.

For the foregoing reasons, we find that the district court did not abuse its discretion.

**AFFIRMED.**