[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10583

Non-Argument Calendar

_____

STEPHEN LYNCH MURRAY,

Plaintiff-Appellant,

*versus*

GOVERNOR, STATE OF FLORIDA,
official capacity, surviving change in officeholder,
known as "The Governor's Office,"
CHIEF JUSTICE, SUPREME COURT OF FLORIDA,
Chief Justice Carlos G. Muniz or whomever
answers to the official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-01351-CEM-DCI

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Stephen Murray, proceeding *pro se*, appeals the district court's dismissal of his civil complaint as a shotgun pleading. After careful review, we affirm.

## I.    Background

In 2023, Stephen Murray filed a 217-page *pro se* complaint against the Governor of Florida and the Chief Justice of the Florida Supreme Court, alleging various constitutional violations related to Florida's system of government.[1] The gist of Murray's complaint seemed to be that Florida is violating Murray's

---

[1] Count 1, for example, alleged that "Florida violates Plaintiff's Fourth, Fifth and Fourteenth Amendment and unenumerated traditional rights to Due Process . . . by the legal discretion of Florida prosecutors to ignore perjury and other crimes for the purpose to move decision-making from and subvert prescribed court processes to political forces . . . ." Count 2 alleged that "Florida violates Plaintiff's Fourth, Fifth, Sixth, Fourteenth Amendment and unenumerated traditional federal rights . . . by the legal discretion of Florida prosecutors to clog up federal courts with lies and overturned cases." Count 3 alleged that "Florida violates the traditional and enumerated rights of members of the United States to establish and operate courts . . . by operating courts where perjury is used as a standard rather than deterred or punished." Counts 4 through 13 generally follow the same pattern.

constitutional rights "as a citizen and a taxpayer" by allegedly failing to prosecute and mitigate perjury, failing to give adequate jury instructions regarding perjury, and by using "jailhouse witnesses" in cases throughout Florida.[2]  The complaint failed to make clear which facts were relevant to which defendant, and which defendant committed which alleged constitutional violations.  The complaint also failed to clearly identify any specific instances in which Murray's rights—rather than others' rights—were allegedly violated.  Murray requested various forms of both declaratory and injunctive relief.

Almost two months after he filed his complaint, Murray filed an emergency motion for a preliminary injunction asking the district court to enjoin a Florida state prosecutor from "reviewing a key piece of evidence in a 'controversial local conviction.'"  According to Murray, a jury—and not the prosecutor—should have reviewed the evidence.  The district court denied the motion, concluding in part that Murray had failed to connect the prosecutor's actions to any injury suffered by Murray.

Meanwhile, the defendants moved to dismiss Murray's complaint.  Shortly after the district court denied the preliminary injunction, the magistrate judge recommended that the district

---

[2] Murray discussed several Florida cases that he believed suffered from alleged legal violations.  He asserted that, for many years, he "reported numerous instances of contradictory sworn statements, tampered evidence, and apparent perjury to the State Attorney and the Florida Department of Law Enforcement," but his reports were ignored.

court dismiss the complaint without prejudice as an impermissible shotgun pleading. The magistrate judge found that Murray's complaint consisted largely of "disjointed thoughts or inquiries about the judicial system and commentary on various Florida cases," and that it contained "many vague and (what appear to be) immaterial facts that [were] not clearly connected to any of the thirteen alleged counts." In addition, the magistrate judge noted that "[b]etween claims one and thirteen, [Murray] allege[ed] many violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments and it [was] entirely unclear which Defendant [Murray] claim[ed] [was] responsible for each action." Overall, the magistrate judge found that the complaint was "insufficient to give the Defendants adequate notice of the claims against them and the grounds upon which each claim rests."

Over Murray's objections, the district court adopted the report and recommendation and dismissed the complaint without prejudice, giving Murray leave to amend to cure the defects identified by the magistrate judge.

Murray then timely filed a notice of appeal, forgoing the opportunity to amend his complaint.

## II.    Standard of Review

We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "A district court abuses its discretion if, among other things, it applies an incorrect legal standard, follows improper procedures in making

the determination, or makes findings of fact that are clearly erroneous." *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1175 (11th Cir. 2019) (quotation omitted).

Although we liberally construe *pro se* pleadings, we will not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

## III.  Discussion

On appeal, Murray generally argues that the district court erred in dismissing his complaint.  The defendants, in turn, argue that we lack jurisdiction over this appeal because the district court's order was non-final and, alternatively, that the district court correctly dismissed Murray's complaint as a shotgun pleading.  We begin with the jurisdictional question and then turn to whether the district court erred in dismissing the complaint.

### A.     *The Court has jurisdiction over this appeal*

To begin, the parties disagree on whether we have jurisdiction over this appeal.  In arguing that we do have jurisdiction, Murray's jurisdictional statement alludes to the district court's denial of his request for a preliminary injunction and cites 28 U.S.C. § 1292(a)(1).  As an alternative, he also cites 28 U.S.C. § 1291.  In response, the defendants focus on Murray's citation of § 1292(a)(1) and imply that we lack jurisdiction because "Murray has demonstrated neither that his interlocutory appeal addresses a

serious or irreparable consequence, nor that the [d]istrict [c]ourt's non-final order can be effectually challenged."

We conclude that we have jurisdiction under 28 U.S.C. § 1291 because the order dismissing Murray's complaint was a final order. We have explained that

> [w]here an order dismisses a complaint with leave to amend within a specific period, the order becomes final (and therefore appealable) when the time period for the amendment expires. However, the plaintiff need not wait until the expiration of the stated time period in order to treat the dismissal as final, but may appeal prior to the expiration of the stated time period.

*Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 (11th Cir. 2006) (quotation and citation omitted). In other words, when, as here, a plaintiff chooses to appeal the dismissal of his complaint before the amended complaint is due, we have jurisdiction over the appeal under 28 U.S.C. § 1291. *See id.*

> B.      *The district court did not abuse its discretion in dismissing Murray's complaint as a shotgun pleading*[3]

---

[3] Murray has abandoned any challenge to the district court's denial of his motion for a preliminary injunction. "Any issue that an appellant wants the Court to address should be specifically and clearly identified in the brief." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). In his briefing, Murray does not "specifically and clearly" argue that the district court erred in denying the preliminary injunction. He has therefore abandoned that issue. *See id.*

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Relatedly, Rule 10(b) requires that a party state his "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). We often refer to complaints that violate one or both of these rules as impermissible "shotgun pleadings." *Weiland*, 792 F.3d at 1320.

We have identified four types of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) complaints that do not "separat[e] into a different count each cause of action or claim for relief"; and (4) complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23.

The district court did not abuse its discretion in dismissing Murray's complaint as a shotgun pleading. First, Counts 1, 2, 9, and 10 each allege violations of multiple constitutional provisions. Those counts thus fit neatly within the category of shotgun pleadings that do not "separat[e] into a different count each cause

of action." *Id.* at 1323. Second, as the district court recognized, none of the 13 counts clearly identify which facts are relevant to which defendant, or which defendant committed which alleged violations. As we explained in *Weiland*, this Court has long dismissed such complaints. *See id.* at 1324. And finally, the complaint is filled with vague and immaterial facts, leaving the district court and this Court to "wade through hundreds of paragraphs of superfluous material in an effort to dig up a viable claim." *Barmapov v. Amuial*, 986 F.3d 1321, 1332 (11th Cir. 2021) (Tjoflat, J., concurring). Given these defects, the district court did not abuse its discretion in holding that Murray's complaint was an impermissible shotgun pleading.

Murray argues that the district court should have given him more specific instructions on how to cure his complaint. After reviewing the magistrate judge's report and recommendation and the district court's order, we disagree. The magistrate judge explicitly pointed out that many facts were "not clearly connected to any of the thirteen counts," that it is "entirely unclear which Defendant Plaintiff claims is responsible for each action," and that "[t]he organization of the [c]omplaint prevents a reader from knowing which allegations are intended to support which claims." The district court agreed with the magistrate judge, and then allowed Murray to amend his complaint to "cure the deficiencies set forth in the [report and recommendation]." Given the statements in both the report and recommendation and the order, we conclude that the district court adequately told Murray what to fix in his complaint, which is all that was required. *Cf. Vibe Micro,*

*Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (explaining that, when dismissing a shotgun pleading, "the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings").

Contrary to Murray's arguments, we do not affirm the district court's decision because the complaint was "too long." Nor do we hold that plaintiffs are barred from providing the factual background necessary to understand their claims. Instead, we simply hold that in this case, the district court did not abuse its discretion in dismissing Murray's complaint on the ground that it failed "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

## IV.   Conclusion

For these reasons, the district court's order dismissing Murray's complaint as a shotgun pleading is affirmed.

**AFFIRMED.**