**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11448

Non-Argument Calendar

————————————————

CORNELIA SPENCE,
as the Court Appointed Personal Administrator of the Estate of
deceased JEREMIAH EBENZEE SPENCE,
CLEO SPENCE,
Individually,

*Plaintiffs-Appellants,*

*versus*

GEORGIA DIAGNOSTIC AND CLASSIFICATION PRISON,
GEORGIA DEPARTMENT OF CORRECTIONS,
WELLPATH LLC,
a.k.a. Wellpath Medical Holdings,
BERKLEY INSURANCE COMPANY,
CHICAGO IL HUB INTERNATIONAL MIDWEST WEST, et
al.,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:25-cv-00050-TES

———————————————

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

The Spences appeal the District Court's dismissal of their complaint as a shotgun pleading, arguing that it was possible to know or discern which factual allegations were meant to support which claims for relief. We affirm.

**I.**

Jeremiah Spence, an inmate at Georgia Diagnostic & Classification Prison, was found dead in his cell from cardiac arrest on January 17, 2023, following a 72-hour holiday lockdown at the prison. Cornelia Spence, as administrator of his estate, and Cleo Spence, proceeding pro se, sued multiple defendants in the Superior Court of Butts County. The defendants removed the case to federal court. There, the Spences, now represented by counsel, moved to amend their complaint, and the defendants opposed the motion because the proposed amended complaint failed to state a claim and was, thus, futile.

The District Court denied the motion to amend on different grounds: that both the initial complaint and the proposed amended complaint were shotgun pleadings. The Court stated that the amended complaint "fail[ed] to identify any specific cause of action

as to any specific Defendant," included "no 'counts' or citations to any legal authority clearly giving rise to the majority of Plaintiffs' claims," and "group[ed] Defendants together for each claim" despite "the different claims apply[ing] to different types of defendants." It also stated that the original complaint "suffer[ed] from the same deficiencies," so there was no "rule-compliant pleading in this case." The Court gave the Spences "one final chance to place a proper pleading before the Court" and directed them to "file a new complaint that complie[d] with the discussion above."

The Spences filed a second proposed amended complaint, but the Court again dismissed it, this time with prejudice, because, though some changes had been made, the changes did "not address the deficiencies the Court pointed out in its prior Order." As such, the complaint did not comply with the Federal Rules of Civil Procedure or this Circuit's "clear instructions against shotgun complaints." The Spences timely appeal.

## II.

We review a district court's dismissal on shotgun-pleading grounds for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, . . . makes findings of fact that are clearly erroneous," or "appl[ies] the law in an unreasonable or incorrect manner." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (citations and internal quotation marks omitted). In other words, "the abuse of discretion standard of review

recognizes that for the matter in question there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make." *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002).

To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (citation and internal quotation marks omitted) (alteration adopted). The purpose of this rule is to "require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading" and so that the district court "can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 10(b) requires the party to "state its claims . . . in numbered paragraphs" and to state each claim "in a separate count" if it would "promote clarity." Fed. R. Civ. P. 10(b).

Our Court has long recognized that shotgun pleadings "violate[] either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both," *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021), and we have explained repeatedly and at length the burdens that

25-11448                Opinion of the Court                5

shotgun pleadings place on the parties and the federal judiciary.[1] They "inexorably broaden[] the scope of discovery"; "delay[] a just disposition of the case at the undue expense of one or both of the parties"; "lessen the time and resources the court has available to reach and dispose of" other cases; "wreak havoc on appellate court dockets"; and "undermine[] the public's respect for the courts [and] the ability of the courts to process efficiently, economically, and fairly the business placed before them." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981–83 (11th Cir. 2008). In other words, shotgun pleadings obstruct the fair and efficient administration of justice. And the Eleventh Circuit has "little tolerance" for them. *Vibe Micro, Inc.*, 878 F.3d at 1295.

We have identified four common types of shotgun pleadings. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts." *Weiland*, 792 F.3d at 1321. The second "is a complaint that [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. And the fourth "is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts

---

[1] *See, e.g.*, *Barmapov*, 986 F.3d at 1324–32; *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); *Vibe Micro, Inc.*, 878 F.3d at 1295; *Weiland*, 792 F.3d at 1320–23. *See also T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting).

or omissions, or which of the defendants the claim is brought against." *Id.*

"When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc.*, 878 F.3d at 1296. In its order for repleader, the court "should explain how the offending pleading violates the shotgun pleading rule" so that the party can properly amend the complaint. *Id.* This "comes with an implicit notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case." *Id.*

Indeed, "[i]t is not the proper function of courts in this Circuit to parse out . . . incomprehensible allegations," *Est. of Bass*, 947 F.3d at 1358, and "district courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff." *Barmapov*, 986 F.3d at 1328 (Tjoflat, J., concurring). Doing so constitutes "play[ing] detective rather than umpire," *Vargas v. Lincare, Inc.*, 134 F.4th 1150, 1162 (11th Cir. 2025) (Tjoflat, J., concurring), and such behavior "'would give the appearance of lawyering for one side of the controversy.' This, in turn, would cast doubt on the impartiality of the judiciary. Such a result is plainly inconsistent with the oath to which each judge has sworn." *Barmapov*, 986 F.3d at 1328 (Tjoflat, J., concurring) (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018)). At bottom, tolerating a

shotgun complaint is akin to "tolerat[ing an] obstruction of justice," *Jackson*, 898 F.3d at 1357, and the courts cannot do that.

The Spences' second amended complaint[2] falls into the third and fourth categories of shotgun complaints.[3] As related to the third category, the complaint combines multiple claims in the same counts. Specifically, the paragraphs included under "Count 1. Cruel and Unusual Punishment" allege violations of the Fourteenth Amendment, violations of the Eighth Amendment,[4] wrongful death, gross negligence, and that the defendants "failed to ensure that they employed and contracted reliable resources and employees."[5] "Count 2. Contracting with Contractor who Lacked the

---

[2] The Spences are appealing the dismissal of their second amended complaint, so we need not discuss the prior complaints.

[3] The District Court also faults Counts 1 and 2 of the complaint for citing constitutional amendments broadly instead of citing 42 U.S.C. § 1983 directly. The Court was wrong to do that, for "no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim." *Johnson v. City of Shelby*, 574 U.S. 10, 11, 235 S. Ct. 346, 347 (2014).

[4] To avoid confusion and the appearance of inflating the number of claims listed, we consider the complaint's references to cruel and unusual punishment and deliberate indifference as references to the Eighth Amendment.

[5] The dissent argues that "the Eighth Amendment claim in Count 1 against Nurse Rovina Billingslea" is not a shotgun pleading. Dissenting Op. at 1. However, the phrasing of that very sentence shows the issue with the argument. Count 1 includes multiple claims within it. That alone is a fault. *See Weiland*, 792 F.3d at 1323; *see also Bickerstaff Clay Prods. Co. v. Harris Cnty.*, 89 F.3d 1481, 1485 n.4 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief.").

Competence for the Job" follows suit; it begins by referencing the defendants' duty to contract with competent employees and ends by referencing their "failure to provide adequate care, . . . in violation of their duty of care." It also mentions gross negligence, wrongful death, "a standard duty of reasonable care," and the Eighth and Fourteenth Amendments. And "Count 3. State Law Claim for Wrongful Death" combines both the decedent's claim for wrongful death and the estate's claims for pain and suffering, including loss of consortium, support, and companionship. It also references compensatory damages, punitive damages, failure to train, failure to supervise, and the Eighth and Fourteenth Amendments. We are, thus, left wondering if Counts 1 and 2 are meant as contract claims, tort claims, or constitutional claims and if Count 3 is meant as a tort claim or a constitutional claim. And if any are meant as tort claims, we wonder which tort claims are intended.

The complaint separately falls into the fourth shotgun-complaint category as well because it asserts multiple claims against multiple defendants without specifying which defendant each claim is brought against. For example, different paragraphs refer to different groups of defendants, such as the "Georgia Department of Corrections, GDC Prison, GDC Prison staff and their contractors" and "ALL Defendants named herein." The latter example is particularly difficult to understand given that six defendants were

named in the caption of the case but eleven were identified in the definition of "Defendants."[6] Such pleadings cannot be entertained.

Lastly, we note that while dismissal with prejudice may sound harsh, it is proper here. The Spences were told the issues with their original complaint and given a chance to replead; they "squandered that opportunity by filing another shotgun pleading." *Barmapov*, 986 F.3d at 1326. It is not error to dismiss with prejudice in that situation. Indeed, even if we would have given leave to amend the complaint again "had the choice been ours to make," that is not enough to constitute an abuse of discretion. *McMahan*, 256 F.3d at 1128.

### III.

The District Court did not abuse its discretion when it dismissed the complaint as a shotgun pleading. We affirm.

**AFFIRMED.**

---

[6] Though the discrepancy between the caption and the "Defendants" definition is not itself a shotgun-pleading category, it does create an issue that further exacerbates the problems associated with the fourth category. We have the traditional issue of not knowing which of the named defendants are subject to which claim and the added issue of not knowing if everyone the claim is against is even before the Court.

25-11448                JORDAN, J., Dissenting                1

JORDAN, Circuit Judge, dissenting:

With respect, I dissent. The plaintiffs' amended complaint, while not a model of draftsmanship, was not a shotgun pleading as to the Eighth Amendment claim in Count I against Nurse Rovina Billingslea.

## I

The majority identifies a number of purported shotgun-pleading problems with the amended complaint. I don't believe any of them warranted dismissal with prejudice in a case involving claims for the death of Jeremiah Spence while in custody at the Georgia Diagnostic and Classification Prison during a 72-hour "holiday" lockdown from January 15 to January 17, 2023. I will, however, focus on the allegations in Count I of the amended complaint against Nurse Billingslea.

The first (and introductory) paragraph of the amended complaint alleged that Mr. Spence had pneumonia, Diabetes Type I (which required insulin), and Schizo-Affective Disorder, and also suffered from undernutrition. According to the complaint, the nursing staff at the GDCP knew of Mr. Spence's conditions. *See* D.E. 15 at 2.

Mr. Spence was found dead in his cell on January 17, 2023. He died from "acute pneumonia" and "untreated diabetes"—with the immediate mechanism being cardiac arrest—because he did not receive his medications and injections. *See id.* The introductory paragraph alleged generally that the persons responsible for Mr. Spence's death were Nurse Billingslea, Nurse-Employee Cheryl

2                    JORDAN, J., Dissenting                    25-11448

Ellis, Nurse Myron Hayes, GDCP employees Iyalla Tobin and Marlene Boyd, and then-Warden Antoine Caldwell. *See id.* at 2–3.

Numbered paragraphs 2 through 15c set out the parties and allegations relating to subject-matter jurisdiction and venue. *See id.* at 3–6. In paragraph 15d, the complaint alleged that Nurses Ellis and Billingslea (who were employed by Wellpath) "interpreted" the lockdown "to mean that they were not allowed to have contact with nor administer essential medications to [Mr.] Spence," and as a result he was not given his medications and injections. *See id.* at 6. Their conduct, the complaint continued, amounted to "gross negligence" and "deliberate indifference." *See id.* (capitalization removed).

Count I, entitled "Cruel and Unusual Punishment," contained the following factual allegations. First, Nurse Billingslea knew of Mr. Spence's chronic conditions and that he faced a substantial risk of harm if he did not receive medical treatment, continued care, follow-up, and his medications. *See id.* at 8–9. Second, Nurse Billingslea failed to give Mr. Spence his injection (a fair inference is that it was the insulin injection) on January 15. *See id.* at 9, 12. Third, Nurse Billingslea "ignor[ed] signs of acute pneumonia," failed to provide immediate treatment to Mr. Spence, and let him "languish without treatment" for 72 hours despite what "should have been regarded as an emergency." *Id.* at 9. As a result, Mr. Spence "was deprived of his Eighth and Fourteenth Amendment rights" because the "lack of adequate care amounted to a cruel and unusual punishment." *Id.* at 11.

25-11448                JORDAN, J., Dissenting                3

In addition, Count I alleged that the Georgia Department of Corrections, the staff at GDCP, and Wellpath (the entity defendants) failed to perform their obligatory duties or carry out the basic duty of care and were grossly negligent. For example, they allegedly failed to ensure that Mr. Spence received treatment for his pneumonia. They also deprived him of food and nutrition. *See id*. at 11–12.

## II

A true shotgun pleading is "calculated to confuse the enemy, and the court" by weaving claims together such that it is impossible for the opposing party to "discern what [the plaintiff] is claiming and frame a responsive pleading[.]" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citation and internal quotation marks omitted). Dismissing a complaint as a shotgun pleading is appropriate where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id*. at 1325 (citation omitted).

Count I did not incorporate the allegations and claims of any preceding counts. It therefore did not constitute the first type of shotgun pleading we have identified. *See id*. at 1321. The majority acknowledges as much.

As the majority further acknowledges, Count I also was not the second type of shotgun pleading; it was not "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1322. The allegations in Count I dealt with Mr. Spence's failure to receive adequate medical

care at GDCP during the 72-hour lockdown and they were specific with respect to Nurse Billingslea.

Furthermore, Count I was not the third type of shotgun pleading because it did not fail to separate "into a different count each cause of action." *Id.* at 1323.  The Federal Rules of Civil Procedure provide that each claim founded on a separate occurrence must be stated in a separate count only "[i]f doing so would promote clarity." Fed. R. Civ. P. 10(b).  And, as we have said, "[m]ultiplicity does not always equate with clarity." *Weiland*, 792 F.3d at 1325 n.18.  Although the district court and majority believe that Count I improperly cited both the Eighth and Fourteenth Amendments, we have overlooked similar issues where splitting up claims of the same occurrence would not necessarily promote clarity. *See Weiland*, 792 F.3d at 1325 n.18.  Additionally, in determining that Count I constituted the third type of shotgun pleading, the district court found that it alleged what "sounds an awful lot like a claim for inadequate hiring and retention, or a claim for inadequate supervision and training." *See* D.E. 16 at 8.  But the remainder of that allegation (which reads as a truncated quote in the district court's order) reiterates the plaintiffs' claims for deliberate indifference to Mr. Spence's medical needs.  *See* D.E. 15 at 10.

Finally, Count I set out separate factual allegations against Nurse Billingslea and the entity defendants, thereby avoiding the fourth type of shotgun pleading: one which commits the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for

25-11448          JORDAN, J., Dissenting                    5

which acts or omissions." *Weiland*, 792 F.3d at 1323. Nurse Billingslea allegedly failed to provide Mr. Spence with his insulin injection, ignored signs of acute pneumonia, and let him languish without treatment for 72 hours.

Given these allegations, Nurse Billingslea could not have had any "trouble understanding" the Eighth Amendment claim against her. *See Pinson v. JP Morgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019). Count I was not "a rambling, dizzying array of nearly incomprehensible pleading which . . . fail[ed] to provide a short and plain statement justifying relief." *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (emphasis removed). Indeed, the defendants did not argue to the district court, in opposing the plaintiffs' motion to amend the pleadings, that the amended complaint was a shotgun pleading or that they lacked notice of the allegations; the district court considered the issue sua sponte.

Significantly, the Eighth Amendment claim against Nurse Billingslea was legally viable. The failure of a medical professional to provide an inmate with needed insulin can amount to deliberate indifference. *See Flowers v. Bennett*, 123 F. Supp. 2d 595, 601–02 (N.D. Ala. 2000) ("If . . . the facts are that Bennett was told that Flowers was a severe diabetic who could go into a coma if she didn't receive insulin, he was arguably deliberately indifferent."). Nurse Billingslea, despite her knowledge of Mr. Spence's diabetes and other medical conditions, allegedly failed to provide Mr. Spence with his insulin injection, ignored his signs of acute pneumonia, and let him languish without treatment for 72 hours.

6                    JORDAN, J., Dissenting                    25-11448

At most, the district court could have dismissed the Count I claims against the entity defendants for failure to state a claim. If there were some pleading problems with the Eighth Amendment claim against Nurse Billingslea, the allegations in the amended complaint left no doubt that dismissal with prejudice of that claim was too harsh a remedy.

The majority says that shotgun pleadings obstruct justice. *See* Maj. Op. at 7. But Count I, as against Nurse Billingslea, does not present such a case of obstruction. The allegations reflect, instead, a good faith effort to seek relief for actions that, as alleged against Nurse Billingslea, contributed to the death of Mr. Spence. At the very least, the plaintiffs should have been given leave to amend Count I to the extent there were any deficiencies as to Nurse Billingslea.

### III

In my view, at a minimum the Eighth Amendment claim against Nurse Billingslea should not have been dismissed with prejudice on shotgun pleading grounds. I respectfully dissent.