**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11744

Non-Argument Calendar

————————————————

STEPHEN LYNCH MURRAY,

*Plaintiff-Appellant,*

*versus*

JANELLE IRWIN TAYLOR,
PETER D. SCHORSCH,
EXTENSIVE ENTERPRISES MEDIA, LLC.,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-00006-CEM-LHP

————————————————

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Stephen Murray, proceeding *pro se*, appeals the district court's dismissal with prejudice of his amended complaint, which alleged free-speech and due-process violations under 42 U.S.C. § 1983.  He argues that the district court gave inadequate notice and instructions on how to amend his complaint so it would not contain shotgun pleading deficiencies and did not read his amended complaint properly.  After careful review, we affirm.

## I.

In January 2024, Murray, proceeding *pro se* in federal court, filed a sprawling complaint, spanning 258 pages and roughly 800 paragraphs, against Janelle Irwin Taylor, Peter D. Schorsch, and Extensive Enterprises Media, LLC.  The complaint appears to be based on a February 2021 article written by Taylor and published by Schorsch to a politics website operated by Extensive Enterprises Media ("EEM").  The content of the article discussed Murray's arrest for the alleged cyberstalking of a spouse of a Florida legislator, and for sending vulgar and threatening emails about the spouse.  Murray sought retraction of the story, but was refused, and then filed a lawsuit against Taylor, Schorsch, and EEM for defamation in state court.  The state court dismissed the action on the merits.

Based on these allegations and a deluge of other vague, immaterial, and conclusory statements, Murray brought claims under 42 U.S.C. § 1983 against Taylor, Schorsch, and EEM.[1]  He alleged

---

[1] In August 2021, Murray also filed a complaint in federal district court alleging that a state attorney and a state legislator, among others, retaliated against him for his protected speech by causing the police to unlawfully track, search, and

that these defendants were "state actors" who deprived him of protected liberty interests without due process and violated his rights to free speech, in violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.

The defendants moved to dismiss the complaint, alleging that Murray's complaint was a "shotgun pleading," that his claims were barred by claim and issue preclusion, and that he failed to state a plausible claim in part because the defendants were not state actors subject to suit under § 1983.

A magistrate judge recommended the district court dismiss the complaint as a shotgun pleading, but with leave to amend. The magistrate judge explained that the complaint was deficient because it did not identify which factual allegations related to which claim; it was replete with conclusory, vague, and immaterial facts; and it failed to specify which defendant was responsible for which acts. The judge noted that the complaint included more than 250 pages of assertions, arguments, and legal conclusions "without ever clearly connecting any allegations to a specific cause of action beyond conclusory references to the First, Fourth, Fifth, Sixth and Fourteenth Amendments and certain case law regarding defamation."

---

arrest him without probable cause. The district court dismissed the complaint as a shotgun pleading, and we affirmed on appeal. *Murray v. Archer*, No. 22-13155, 2023 WL 6381523 (11th Cir. Oct. 2, 2023).

Finding that these features of the complaint made it impossible to ascertain the factual or legal basis for Murray's claims, the magistrate judge recommended that the complaint be dismissed as a shotgun pleading, but with leave to amend given Murray's *pro se* status.  The judge provided Murray additional guidance about pleading standards and the elements of a cause of action under § 1983.  Murray filed objections, but the district court overruled them, dismissing the complaint without prejudice and with leave to amend.

Murray timely filed an amended complaint, reducing its length to 121 pages and 286 paragraphs.  The defendants again moved to dismiss, asserting that the amended complaint remained a shotgun pleading that failed to state a plausible claim.

The magistrate judge agreed that the amended complaint remained a shotgun pleading, and recommended dismissal without further leave to amend.  The judge noted that the gist of Murray's amended complaint was that the defendants "defamed him and violated his rights by publishing an article about his arrest," but that "a substantial portion of the amended complaint [was] a lengthy narrative addressing several tangential issues unrelated to the specific conduct of Defendants."  What's more, according to the magistrate judge, the amended complaint still failed to identify with any clarity the claims being asserted or their factual support, was replete with conclusory, vague, and immaterial facts not obviously connected to any cause of action, and failed to specify which defendant was responsible for which acts.  Accordingly, the

magistrate judge recommended that the amended complaint be dismissed as a shotgun pleading without further opportunity to re-plead.  The judge also agreed with the defendants that Murray failed to allege that they had engaged in "state action" cognizable under § 1983, and that he appeared to be alleging a state-law defamation claim, which previously had been resolved against him in state court.

The district court adopted the magistrate judge's recommendation over Murray's objections and dismissed the action with prejudice.  Murray now appeals.

## II.

We review for abuse of discretion a district court's decision to dismiss a complaint as an impermissible shotgun pleading.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).  "[P]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Yet despite giving "liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules."  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  They also require that such claims be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).  "Shotgun pleadings" are complaints that violate federal pleading rules by

"fail[ing] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) & 10(b).  We have "little tolerance for shotgun pleadings" because they "waste judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295 (cleaned up).

We have identified four rough types of shotgun pleadings. *Weiland*, 792 F.3d at 1321–24.  A complaint may qualify as a shotgun pleading if it (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) does not separate "each cause of action or claim for relief" into a different count; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* At bottom, though, the inquiry is not about pleading technicalities but rather whether the complaint provides defendants fair "notice of the specific claims against them and the factual allegations that support those claims." *Id.* at 1325.

"A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading

grounds." *Vibe Micro*, 878 F.3d at 1295 (quotation marks omitted). Before dismissing a complaint on shotgun-pleading grounds, though, the court must "*sua sponte* allow a litigant one chance to remedy such deficiencies." *Id.* The court should "explain how the offending pleading violates the shotgun pleading rule" and order the plaintiff to replead the case. *Id.* at 1295–96. "If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

Here, the district court did not abuse its discretion in dismissing the amended complaint as a shotgun pleading. Murray's amended complaint fails "to identify his claims with sufficient clarity to enable the defendant[s] to frame a [responsive] pleading." *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001). It is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," because it was written in sprawling, narrative form in which his political musings and opinions were intermingled with accusations against the defendants, making it difficult to follow. *Weiland*, 792 F.3d at 1321–23.

The gist of Murray's lawsuit is that the defendants wronged him by uncritically reporting police statements about his arrest, which he says were untrue. But his allegations reflect that a state court has rejected his contention that the defendants defamed him, and a substantial portion of his pleading concerns alleged

wrongdoing by others, including a state attorney and a state legislator.  Moreover, despite numerous conclusory assertions of collusive behavior, Murray fails to identify any viable grounds for concluding that the individual journalist defendants or a private media outlet could be considered "state actors" subject to suit for due-process and free-speech violations.  *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (stating that "vague and conclusory allegations" need not be credited).  Accordingly, we agree with the district court that the amended complaint, which was replete with conclusory, vague, and immaterial facts not obviously connected to any cause of action, failed to identify with any clarity the claims being asserted or their factual support.

Finally, because the district court provided Murray notice and an opportunity to cure the deficiencies in his original complaint, and Murray failed to remedy the deficiencies, the district court did not abuse its discretion by dismissing the amended complaint with prejudice.  *See Jackson*, 898 F.3d at 1356–57.  We reject Murray's arguments that the court failed to provide adequate notice of the deficiencies in his pleading or a meaningful opportunity to present his claims.

**AFFIRMED.**